NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEJANDRA CARRANZA-ALEY, | No. 18-73130 |
| Petitioner, | |
| v. | Agency No. A208-205-732 |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2020**
San Francisco, California

Before: BOGGS,*** M. SMITH, and BENNETT, Circuit Judges.

Alejandra Carranza-Aley seeks review of an order of the Board of

Immigration Appeals (BIA). The BIA affirmed the decision of an Immigration

Judge (IJ) denying Carranza-Aley's application for asylum and withholding of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

removal under the Immigration and Nationality Act (INA) and protection under the Convention Against Torture (CAT). This court has jurisdiction under 8 U.S.C. § 1252(a). Because the BIA adopted the IJ's decision and added its own reasoning, we review both decisions. *Nuru v. Gonzales*, 404 F.3d 1207, 1215 (9th Cir. 2005).

Carranza-Aley's claims rested on abuse she suffered as a child at the hands of her father, the murder of her domestic partner by gangs in Mexico, and extortion of the business where she worked after her partner's death.

1. The IJ and BIA determined that Carranza-Aley had not established the requisite nexus between past or future persecution and her claimed particular social group of "female heads of households" or political opinion of "opposing gang extortion." Because she does not "specifically and distinctly" contest this finding, her claim that persecution was, or will be, based on a protected basis is waived. *See Husyev v. Mukasey*, 528 F.3d 1172, 1183 (9th Cir. 2008) (quoting *Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998)).

2. Even if Carranza-Aley's claim of persecution for belonging to a particular social group was not waived, there was no error below. There is no evidence that gangs extorted the business where Carranza-Aley worked on account of her political opinion or her status as a female head of household.[1] Similarly, even if she has a

---

[1] Because Carranza-Aley fails to establish a nexus to a protected ground, we do not decide whether her proposed particular social group or political opinion are cognizable as protected grounds under the INA.

2

well-founded fear of violence by gangs in the future, there is no evidence that it will be because of a protected basis. "An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). Accordingly, Carranza-Aley has not demonstrated a nexus between the claimed persecution and a protected basis as required for asylum and withholding of removal under the INA. *Barajas-Romero v. Lynch*, 846 F.3d 351, 358–60 (9th Cir. 2017).

3. The IJ and BIA also determined that Carranza-Aley failed to establish that it is more likely than not that she will be tortured with the consent or acquiescence of the government. They found, therefore, that she did not warrant protection under the CAT. *See* 8 C.F.R. §§ 1208.18(a)(1), 1208.16(c)(2). Claims based on "generalized evidence of violence and crime in Mexico," are insufficient to prove that one is more likely than not to be tortured. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010); *see also Wakkary v. Holder*, 558 F.3d 1049, 1067–68 (9th Cir. 2009). Carranza-Aley has not presented evidence that she will be singled out for torture because of her initial assistance in a police investigation into the death of her domestic partner. Therefore, Carranza-Aley does not qualify for CAT protection.

We **DENY** the petition for review and affirm the decision of the BIA.

3