**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| URIEL HUGO SANCHEZ-TORRES, | No. 20-73174 |
| Petitioner, | Agency No. A207-592-058 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 7, 2021**
Portland, Oregon

Before: W. FLETCHER, IKUTA, and BRESS, Circuit Judges.

Uriel Sanchez-Torres seeks review of a decision of the Board of

Immigration Appeals (BIA) affirming the decision of an immigration Judge (IJ)

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denying his claims for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, the BIA adopts and affirms the decision of the IJ without noting disagreement, we review the decision of the IJ as if it were the BIA's. *Kwong v. Holder*, 671 F.3d 872, 876 (9th Cir. 2011). It is undisputed that Sanchez-Torres did not suffer past persecution in Mexico on account of a protected ground, and substantial evidence supports the agency's determination that Sanchez-Torres failed to carry his burden of establishing he has an objectively reasonable fear of future persecution on account of such a ground.

Substantial evidence supports the IJ's determination that the violence criminal organizations inflicted on Sanchez-Torres's family members on three occasions was motivated by money rather than their indigenous race and that their assailants' use of slurs on one of those occasions was incidental. *See Parussimova v. Mukasey*, 555 F.3d 734, 742 (9th Cir. 2009). The IJ also reasonably concluded that Sanchez-Torres would not be persecuted on account of his anti-cartel opinions because he had not made such opinions public and did not testify that he intended to do so. *See Soriano v. Holder*, 569 F.3d 1162, 1164–65 (9th Cir. 2009), *overruled on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093–94 (9th Cir. 2013).

2

Nor did the agency err in concluding that Sanchez-Torres did not have a reasonable fear of future persecution on account of his membership in a protected social group. The IJ reasonably rejected Sanchez-Torres's claims based on the proposed social groups "Sanchez family of La Magdalena Yancuitlalpan" and "immediate family of Felipe Sanchez Aguilar" because the record supported the IJ's finding that his grandfather—a member of both proposed groups—has lived peacefully in La Magdalena Yancuitlalpan for the past several decades. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001). The IJ also reasonably concluded that Sanchez-Torres could relocate to an area where his family is unknown. *See* 8 C.F.R. § 1208.13(b)(2)(ii); 8 C.F.R. § 1208.16(b)(2). Sanchez-Torres's other proposed social group raised on appeal, "individuals who have family in the United States who send money to them in Mexico," is not cognizable because it is not bound by an immutable characteristic, defined with particularity, nor is it socially distinct. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016).

We therefore conclude that the IJ properly denied Sanchez-Torres's claim for asylum under 8 U.S.C. § 1158(b) and for withholding of removal under 8 U.S.C. § 1231(b)(3).

We also affirm the agency's denial of Sanchez-Torres's claim that he is eligible for relief under CAT, which prohibits the removal of a person to a state

3

where there is a clear probability that he or she may be tortured. *Al-Saher v. INS*, 268 F.3d 1143, 1146–47 (9th Cir. 2001). Sanchez-Torres did not allege that he experienced torture in the past, and generalized evidence of violence cannot establish that it is more likely than not that he would be tortured if he returned to Mexico. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).[1]

**PETITION DENIED**

---

[1] Because we resolve this case on these grounds, we do not reach the government's arguments that Sanchez-Torres waived his arguments.