NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 17 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARLEN CERVANTES CASTANEDA;
MISAEL OSORNIO CERVANTES,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    17-70303

Agency Nos.    A206-912-478
               A206-912-479

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2022**
San Francisco, California

Before:  CHRISTEN and BRESS, Circuit Judges, and FEINERMAN,*** District
Judge.

Marlen Cervantes Castaneda, a citizen of Mexico, seeks review of a Board of

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*     The Honorable Gary Feinerman, United States District Judge for the
Northern District of Illinois, sitting by designation.

Immigration Appeals (BIA) decision dismissing her appeal of an Immigration Judge (IJ) order denying her requests for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).[1] We review for substantial evidence and may grant relief only if the record compels a contrary conclusion. *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). We have jurisdiction under 8 U.S.C. § 1252 and we deny the petition.

1. Substantial evidence supports the denial of asylum and withholding of removal. "To be eligible for asylum, a petitioner has the burden to demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)). "To be eligible for withholding of removal, the petitioner must discharge this burden by a clear probability." *Id*. (internal quotation marks omitted).

The BIA reasonably determined that Cervantes had not demonstrated a likelihood of persecution on account of a protected ground. Cervantes's then-husband's refusal to join the Knights Templar gang, without more, does not form the basis for a protected political opinion or a particular social group. *See Ramos-Lopez v. Holder*, 563 F.3d 855, 861–62 (9th Cir. 2009), *abrogated on other grounds*

---

[1] Cervantes's son, Misael Osornio Cervantes, is a derivative applicant on her request for asylum.

2

*by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc); *Santos-Ponce v. Wilkinson*, 987 F.3d 886, 890 (9th Cir. 2021). To the extent Cervantes claims membership in the proposed group of Mexican citizens returning from the United States, that social group also fails. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) ("Petitioners' proposed social group, 'returning Mexicans from the United States,' is . . . too broad to qualify as a cognizable social group.").[2]

Even if Cervantes's proposed groups were cognizable, substantial evidence supports the BIA's determination that she would not be harmed because of her membership in those groups. Cervantes testified that the gangs treated many people in her town in the same manner, and that her family continues to live there unharmed. "An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

2.     Substantial evidence supports the denial of CAT relief. An applicant for CAT protection must demonstrate that "she will more likely than not be tortured with the consent or acquiescence of a public official if removed to her native country." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020).

---

[2] To the extent Cervantes claims her family is a particular social group, she did not raise that theory before the BIA. The claim is thus unexhausted. *See* 8 U.S.C. § 1252(d)(1).

Cervantes does not claim to have suffered past torture. Nor has she put forward evidence showing that the Mexican government would consent or acquiescence to her torture. Although Cervantes claims that one of the criminal organizations in her town is a state actor, her testimony did not distinguish between criminal groups and focused primarily on a different group, the Knights Templar. Regardless, general violence and unrest caused by criminal groups does not suffice for CAT protection. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("The inability to bring the criminals to justice is not evidence of acquiescence . . . .").

**PETITION DENIED.**