**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JAFET BOJORQUEZ AKE,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 18-71387<br><br>Agency No. A205-467-490<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 17, 2022[**]
San Francisco, California

Before: CHRISTEN and BRESS, Circuit Judges, and LYNN,[***] District Judge.

Petitioner Jafet Bojorquez Ake, a native and citizen of Mexico, seeks review

of the Board of Immigration Appeals' (BIA) final order affirming the Immigration

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Barbara M. G. Lynn, Chief United States District Judge for the Northern District of Texas, sitting by designation.

Judge's (IJ) denial of Bojorquez Ake's application for withholding of removal and protection under the Convention Against Torture (CAT). Bojorquez Ake argues he would likely suffer persecution and/or torture if removed to Mexico because "of his indigenous Mayan ethnicity and the severe economic deprivation he faced as a result." We have jurisdiction to review Bojorquez Ake's petition for review pursuant to 8 U.S.C. § 1252, and we deny the petition. Because the parties are familiar with the facts, we do not recount them here.

We review both the BIA's decision and the IJ's decision where the BIA relied on the IJ's reasoning in part but added its own analysis. *See Singh v. Holder*, 753 F.3d 826, 830 (9th Cir. 2104). "The agency's findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014) (internal quotation marks and alterations omitted).

1. Bojorquez Ake argues the BIA erred by affirming the denial of his withholding of removal claim because "the government of Mexico systematically deprived [him] of the basic necessities of life." Economic deprivation may rise to the level of persecution if an applicant can establish that he suffered from the "deliberate imposition of [a] severe economic disadvantage or the deprivation of liberty, food, housing, employment or other essentials of life" that was sufficiently

2

severe to "constitute a threat to [his] life or freedom." *Matter of T-Z-*, 24 I. & N. Dec. 163, 171–73 (BIA 2007) (internal quotation marks omitted). However, "mere economic disadvantage," *Gormley v. Ashcroft*, 364 F.3d 1172, 1178 (9th Cir. 2004), or "mere[] conditions of discrimination in the country of origin," do not rise to the level of persecution, *Prasad v. INS*, 47 F.3d 336, 340 (9th Cir. 1995).

Bojorquez Ake credibly testified that he and his family lived in extremely impoverished conditions in Mexico, surviving by subsistence farming. He also described instances in which his family was denied medical care, and incidents of discrimination that prevented him from being employed. However, Bojorquez Ake does not identify any acts demonstrating that the Mexican government purposefully relegates Mayan people to poverty. Substantial evidence supports the BIA's decision that Bojorquez Ake failed to demonstrate past persecution or a likelihood of future persecution.

2. Bojorquez Ake also argues the BIA erred because "the evidence demonstrates that it is more likely than not that he will be tortured in Mexico." "Torture is 'more severe than persecution.'" *Davila v. Barr*, 968 F.3d 1136, 1144 (9th Cir. 2020) (quoting *Guo v. Sessions*, 897 F.3d 1208, 1217 (9th Cir. 2018)). And it "must be inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Id.*

(internal quotation marks omitted). The harm that Bojorquez Ake suffered in Mexico does not rise to the level of torture, and Bojorquez Ake otherwise relies on generalized evidence of torture that is not particular to him, *see Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010). Accordingly, substantial evidence supports the BIA's decision that Bojorquez Ake failed to establish eligibility for relief pursuant to CAT.

**PETITION FOR REVIEW DENIED.**