**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARTIN JUAN-JUAN,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 16-73866

Agency No. A202-099-057

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 10, 2022[**]
Seattle, Washington

Before: BERZON, CHRISTEN, and FORREST, Circuit Judges.

Martin Juan-Juan, a native and citizen of Guatemala, petitions for review of

the Board of Immigration Appeals (BIA) decision affirming the Immigration

Judge's (IJ) denial of asylum, withholding of removal, and protection under the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we deny Juan-Juan's petition.[1]

"We review the denial of asylum, withholding of removal and CAT claims for substantial evidence." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). Therefore, "we must uphold the agency determination unless the evidence compels a contrary conclusion." *Id.* "Where, as here, the BIA agrees with the IJ decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Id.* at 1027–28.

1. Juan-Juan's opening brief forfeits several arguments challenging the BIA's reasons for rejecting his application. This court will "review only issues which are argued specifically and distinctly in a party's opening brief." *Brownfield v. City of Yakima*, 612 F.3d 1140, 1149 n.4 (9th Cir. 2010) (quoting *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994)). With regard to withholding of removal and asylum, the BIA found a lack of nexus to a protected ground, yet Juan-Juan's opening brief makes no argument that he established a nexus. It merely reiterates his contention that "young men recruited by gangs to engage in criminal activity" comprise a protected group without addressing the BIA's conclusion that such

---

[1] Because the parties are familiar with the facts, we recite only those facts necessary to decide the petition.

2

young men are not "socially distinct" or "perceived as a group in Guatemalan society." Similarly, with respect to the CAT claim, Juan-Juan does not present any argument that the BIA erred by affirming the IJ's ruling that he failed to show "acquiescence," i.e., that someone acting in an official capacity would be aware of torture and not intervene. Juan-Juan's failure to challenge the BIA's reasoning is a sufficient ground to deny his petition. *See Martin v. City of Oceanside*, 360 F.3d 1078, 1081 (9th Cir. 2004) (concluding that the plaintiff "forfeited review" of an issue because he did not argue it in his opening brief).

2.      Juan-Juan's arguments for asylum, withholding of removal, and CAT protection also fail on the merits.

With regard to his withholding of removal and asylum claims, we see no error in the BIA's conclusion that Juan-Juan did not establish a nexus to or membership in a protected group. Juan-Juan testified that he was targeted solely because a gang wished to recruit him. However, asylum and withholding of removal are "not available to victims of indiscriminate violence, unless they are singled out on account of a protected ground." *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010). Juan-Juan does not challenge the IJ's conclusion that he was not targeted based on his Akateko ethnicity, and the BIA was correct to conclude that the record is devoid of evidence demonstrating that "young men

3

recruited by gangs to engage in criminal activity" are socially distinct or perceived as a group in Guatemala. *See, e.g.*, *Barrios v. Holder*, 581 F.3d 849, 854–56 (9th Cir. 2009).

To qualify for CAT relief, Juan-Juan would need to establish a likelihood that, if returned to Guatemala, he would face torture by or with the acquiescence of a government official. *See Bromfield v. Mukasey*, 543 F.3d 1071, 1079 (9th Cir. 2008). Juan-Juan does not contend that he faces a likelihood of torture *by* a government official; he argued before the BIA that the IJ failed to consider acquiescence. Acquiescence may include willful blindness, *id.*, but Juan-Juan's only support for his contention that government officials would acquiesce in future torture is that, on one occasion, Juan-Juan reached out to the mayor of a nearby village and was told that he lived too far away to receive assistance. Based on this record, the BIA's conclusion that Juan-Juan "did not establish that someone acting in an official capacity would inflict torture or would be aware of such activity and not intervene" is supported by substantial evidence.

**PETITION DENIED.**