**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 31 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GEYEL BEDOLLA-BALBUENA, | No. 17-70152 |
| Petitioner, | |
| v. | Agency No. A205-299-631 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 29, 2022[**]
Seattle, Washington

Before: HAWKINS, McKEOWN, and TALLMAN, Circuit Judges.

Geyel Bedolla-Balbuena petitions for review of a decision of the Board of

Immigration Appeals (BIA) dismissing his appeal from an order of an immigration

judge denying his applications for asylum, withholding of removal, and protection

under the Convention Against Torture (CAT). We dismiss in part and deny in part

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

the petition for review.

We lack jurisdiction to review Bedolla-Balbuena's challenge to the BIA's determination that his asylum application was untimely. *See* 8 U.S.C. § 1158(a)(3); *Lanza v. Ashcroft*, 389 F.3d 917, 924 (9th Cir. 2004) ("Our jurisdiction to review a rejection of an asylum application as untimely . . . is precluded by statute."). The petition is dismissed in part on jurisdictional grounds.

Substantial evidence supports the BIA's determination that Bedolla-Balbuena does not qualify for withholding of removal. Bedolla-Balbuena's proposed social group of "those recently arriving from the United States," is not cognizable. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) ("'[R]eturning Mexicans from the United States,' . . . is too broad to qualify as a cognizable social group.").

Substantial evidence supports the BIA's conclusion that Bedolla-Balbuena failed to establish eligibility for CAT relief. The record does not compel the conclusion "that it is more likely than not," 8 C.F.R. § 208.16, that Bedolla-Balbuena, if returned to Mexico, would be tortured "with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity," 8 C.F.R. § 1208.18.

Because Bedolla-Balbuena's CAT claim fails on the merits, so does the due process claim. *See Lata v. I.N.S.*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring

2

error and prejudice to establish a due process violation).

**PETITION DISMISSED IN PART AND DENIED IN PART.**