NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 30 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



GABRIELA LIZBETH BENITEZ
LORENZO and KEYSHA MELINA
GARDUNO BENITEZ,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-375

Agency Nos.
A206-270-354,
A206-270-355

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 5, 2023**
Pasadena, California

Before: M. SMITH, HAMILTON,*** and COLLINS, Circuit Judges.

Petitioners Gabriela Lizbeth Benitez Lorenzo and her daughter Keysha

Melina Garduno Benitez are citizens of Mexico who entered the United States

in 2014. When the Department of Homeland Security charged petitioners in

---

*        This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

***        The Honorable David F. Hamilton, United States Circuit Judge for
the Court of Appeals, Seventh Circuit, sitting by designation.

2016 with being in the United States without valid entry documents, petitioners admitted they were removable but applied for asylum, withholding of removal, and protection pursuant to the Convention Against Torture (CAT). An Immigration Judge (IJ) denied their applications and the Board of Immigration Appeals (BIA) dismissed their appeal of that denial. Petitioners now seek review of the BIA's decision as to withholding of removal and CAT protection. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), and we deny the petition.

Lorenzo and her daughter are from Guerrero, Mexico. They fled their home out of fear of violence perpetrated by people they believe were drug traffickers. Lorenzo testified that neither she nor her daughter was ever a victim of or witness to criminal activity, but several family members were. Taxi drivers, including Lorenzo's husband, had their routes restricted by unknown individuals, presumed to be drug traffickers, who barred them from driving in certain areas. Lorenzo's mother owned a small business and was extorted for payments from unknown individuals, also presumed to be drug traffickers. Based on these incidents, Lorenzo fled with her infant daughter. After petitioners arrived in the United States, Lorenzo's uncle and her cousin's husband were killed by unknown individuals for unknown reasons.

The BIA found no error in the IJ's decision to deny relief and incorporated portions of that decision as its own. We review the Board's decision as well as the portions of the IJ's opinion that the BIA incorporated.

*Medina-Lara v. Holder*, 771 F.3d 1106, 1111 (9th Cir. 2014). We treat the agency's factual findings as conclusive "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We review de novo the Board's determinations of law. *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1076 (9th Cir. 2020).

## I.    *Withholding of Removal*

Before this court, petitioners argue membership in the alleged particular social group of "victims or witness[es] to criminal activity within their familial unit that fear future harm" qualifies them for withholding of removal. The IJ found as a matter of fact that petitioners had not established membership in such a group. Lorenzo testified that neither she nor her daughter had ever been harmed or threatened by drug traffickers and that neither of them witnessed the criminal acts perpetrated against their family members. The BIA found no clear error in this factual finding.

Petitioners argue before this court that this particular social group is cognizable, but they do not challenge the agency's key factual finding: that even if this group might be legally cognizable, petitioners have not shown that they are members of it. Any argument about membership in this proposed group was waived by this omission, and in any event substantial evidence in the form of Lorenzo's testimony that neither she nor her daughter ever witnessed or was a

victim of criminal activity supports the agency's decisive finding.[1] Accordingly, the agency properly concluded that Petitioners had failed to establish past persecution or a clear probability of future persecution on account of a protected ground.

## II.  *Convention Against Torture*

The BIA adopted the IJ's reasoning for denying relief under the Convention Against Torture. The IJ found that petitioners had not established that they would more likely than not face future torture in Mexico. *See* 8 C.F.R. § 1208.16(c)(2) (providing standard for protection from removal under CAT). Lorenzo testified that her fear stemmed from the four incidents described above against family members—perpetrated by unknown persons—and general conditions in Mexico. Petitioners argue before this court that their family's experiences in Mexico alongside the submitted country-conditions report establish a particularized risk. But substantial evidence supports the IJ's determination that the lack of evidence as to who the perpetrators were, whether they were associated with criminal organizations, and why they committed crimes against petitioners' family members meant that they failed to establish the required likelihood of torture. Petitioners presented only generalized evidence of the risk of violence in Mexico. That generalized risk is not

---

[1] Assuming that petitioners did not waive a second issue, substantial evidence also supports the agency's finding that the criminals they fear would not be motivated to harm them based on an anti-criminal political opinion. Lorenzo testified that she never expressed such an opinion, and she gave no reason that anyone would impute that opinion to her or her daughter.

sufficient to meet petitioners' burden under CAT. *See, e.g., Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

The petition for review is DENIED.