**FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 06 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BRUNO DELGADO-ORTIZ;
VERONICA VASQUEZ-INIGUEZ,

Petitioners,

v.

ERIC H. HOLDER Jr., Attorney General,

Respondent.

No. 09-72993

Agency Nos. A096-353-145
A096-353-146

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 8, 2010*
San Francisco, California

Filed April 6, 2010

Before: CANBY, GOULD, and TALLMAN, Circuit Judges.

_____

* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Per Curiam:

Bruno Delgado-Ortiz ("Delgado-Ortiz") and Veronica Vasquez-Iniguez ("Vasquez-Iniguez") (collectively "Petitioners") are natives and citizens of Mexico. They petition for review of the Board of Immigration Appeals' ("BIA") final order denying their motion to reopen to apply for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(b) to review the BIA's denial of a motion to reopen. *See Singh v. Ashcroft*, 367 F.3d 1182, 1185 (9th Cir. 2004). Because we find that the BIA did not abuse its discretion in determining that Petitioners did not present a prima facie case and that Petitioners' proposed social group, "returning Mexicans from the United States," was too broad to qualify for the requested relief, we deny the petition for review.

I.

Delgado-Ortiz and Vasquez-Iniguez, husband and wife, entered the United States in February 1993 and January 1992, respectively, without admission or parole after inspection by an immigration officer. The government issued Notices to Appear on June 27, 2003, and Petitioners conceded removability at the initial removal hearing. Petitioners withdrew their previously-filed applications for asylum, withholding of removal, and CAT protection, but applied for cancellation

of removal under Section 240A(b)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229b(b)(1), and voluntary departure under Section 240B(b) of the INA, 8 U.S.C. § 1229c(b). An immigration judge denied Petitioners' applications for cancellation of removal and granted Petitioners voluntary departure in an order dated April 19, 2006. On December 6, 2007, the BIA dismissed Petitioners' appeal, agreeing with the immigration judge that they did not qualify for cancellation of removal because they failed to show that their removal would result in exceptional and extremely unusual hardship to their qualifying relatives, namely their United States citizen daughter and Vasquez-Iniguez's lawful permanent resident mother. The BIA granted Petitioners permission to voluntarily depart from the United States.

Petitioners did not depart, and on February 4, 2008, Petitioners filed a timely motion to reopen seeking to introduce new hardship evidence and to reapply for protection under the CAT. The BIA denied the motion to reopen on April 24, 2008.

Petitioners filed a second motion to reopen on February 4, 2009—based on allegedly new country conditions—seeking to reapply for asylum, withholding of removal, and protection under the CAT. Petitioners asserted they belong to a particular social group: Mexicans returning home from the United States who are

3

targeted as victims of violent crime as a result. Certified Administrative Record ("AR") 15-16. Petitioners claimed that the authorities in Mexico do nothing to protect this particular class of Mexicans. AR 16. In support of their motion, Petitioners submitted declarations, news articles describing current violence in Mexico primarily associated with drug trafficking and drug cartels, as well as a new asylum application. AR 29-57. Because their second motion to reopen was based on allegedly new country conditions, Petitioners argued that the time limitations set on motions to reopen did not apply. AR 20.

The BIA held that Petitioners' second motion to reopen was untimely and number-barred, and Petitioners failed to demonstrate changed country conditions. AR 8-9. Further, the BIA held that, even if changed country conditions existed, Petitioners failed to demonstrate prima facie eligibility for the requested relief. AR 9. On those grounds, the BIA denied the motion.

## II.

We review for an abuse of discretion the BIA's denial of a motion to reopen. *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008). Motions to reopen are disfavored due to the "strong public interest in bringing litigation to a close." *See INS v. Abudu*, 485 U.S. 94, 107 (1988). They are particularly disfavored in immigration proceedings, where "every delay works to the advantage of the

deportable alien who wishes merely to remain in the United States." *INS v. Doherty*, 502 U.S. 314, 323 (1992); *see Lainez-Ortiz v. INS*, 96 F.3d 393, 395 (9th Cir. 1996). A motion to reopen will not be granted unless the respondent establishes a prima facie case of eligibility for the underlying relief sought. *See Ordonez v. INS*, 345 F.3d 777, 785 (9th Cir. 2003).

### III.

As case law in this circuit makes clear, the Petitioners' motion to reopen failed to demonstrate prima facie eligibility for the relief requested. Petitioners assert they qualify for asylum because they have a well-founded fear of persecution on account of their membership in a particular social group, specifically "returning Mexicans from the United States." Petitioners' evidence included a joint declaration stating their fear of returning to Mexico and relating the experience of a relative who returned to Mexico for a visit. The relative was "attacked by several delinquents," who "told him to give them everything he had." AR 24. Further, the declaration states that "some delinquents" broke into another relative's house because they saw that a resident of the United States "had arrived on vacation in Mexico to visit." AR 24-25. Finally, the declaration states that Petitioners know people who "have gone to Mexico on vacation" and were "robbed" and had "their belongings stolen and were beaten." AR 25.

5

In response to an order to show cause issued by this court, Petitioners argue that the standard for establishing a prima facie case in a motion to reopen is much lower than what is required to obtain the requested relief.  *See* Petitioners' Reply to Show Cause ("Petitioners' Reply"), filed October 6, 2009, p. 14.  Petitioners argue that they have demonstrated a prima facie case and are entitled to have a hearing on their applications for relief.  *See* Petitioners' Reply, p. 12.[1]

Asylum is not available to victims of indiscriminate violence, unless they are singled out on account of a protected ground.  *See Ochave v. INS,* 254 F.3d 859, 865 (9th Cir. 2001).  We have held that the key to establishing a particular social group is ensuring that the group is narrowly defined.  *See Ochoa v. Gonzales*, 406 F.3d 1166, 1170-71 (9th Cir. 2005).  Further, when seeking to define such a group, "[v]arious factors, such as immutability, cohesiveness, homogeneity, and visibility, are helpful in various contexts," but we should also follow the "traditional common law approach, looking at hypothetical cases and commonalities in cases that go one way or the other."  *Donchev v. Mukasey*, 553 F.3d 1206, 1220 (9th Cir. 2009).

---

[1] Respondent argues in the motion for summary disposition that the petition for review should be denied because the motion to reopen was untimely and number-barred, and Petitioners do not challenge this in their petition.  Because we conclude that Petitioners did not establish a prima facie case for relief, we do not address the arguments of timeliness or numerical bar.

Accordingly, we look to similar cases involving the type of broad social group alleged by Petitioners. In *Ochoa*, we held that business owners in Colombia who had rejected demands by narcotics traffickers to participate in illegal narcotics activity did not qualify as a particular social group. *Ochoa*, 406 F.3d at 1171. In *Donchev*, we held that friends of Roma individuals or of the Roma generally are not a particular social group. *Donchev*, 553 F.3d at 1220. Finally, we have determined that young men in El Salvador resisting gang violence are not a particular social group. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 745-46 (9th Cir. 2008). We conclude that Petitioners' proposed social group, "returning Mexicans from the United States," is analogous to these cases and is too broad to qualify as a cognizable social group. Certainly, "[i]ndividuals falling within the parameters of this sweeping demographic division naturally manifest a plethora of different lifestyles, varying interests, diverse cultures, and contrary political leanings." *Ochoa*, 406 F.3d at 1171 (quoting *Sanchez-Trujillo v. INS*, 801 F.2d 1571, 1577 (9th Cir. 1986)). Notably, in their reply, Petitioners argue that members of their proposed social group are "easily identified," but they do not address at all the issue of the breadth of the proposed group. Petitioners' Reply, pp. 18-19.

As for their claim for withholding of removal, to qualify Petitioners must prove it is "more likely than not" that they will be persecuted on account of a statutorily-protected ground. *See Al-Harbi v. INS*, 242 F.3d 882, 888 (9th Cir. 2001). As we have already held that the BIA did not err in holding that the particular social group identified by the Petitioners is insufficient to merit asylum protection, we also hold that Petitioners fail to present a prima facie case for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) (holding that an applicant who fails to satisfy the lower standard of proof for asylum necessarily fails to satisfy the more stringent standard for withholding of removal). Accordingly, Petitioners' motion to reopen did not establish prima facie eligibility for asylum or withholding of removal.

Finally, with regard to their application for protection under the CAT, Petitioners must establish that it is more likely than not that they would be tortured if returned to Mexico. 8 C.F.R. § 208.16(c)(2); *Soriano v. Holder*, 569 F.3d 1162, 1167 (9th Cir. 2009). Petitioners' generalized evidence of violence and crime in Mexico is not particular to Petitioners and is insufficient to meet this standard. Thus, Petitioners also failed to establish prima facie eligibility for protection under the CAT. *Nuru v. Gonzales*, 404 F.3d 1207, 1216 (9th Cir. 2005).

In conclusion, Petitioners failed to demonstrate that reopening their case was warranted. The BIA did not abuse its discretion by so holding. Respondent's motion for summary disposition is granted.

IV.

The motion to proceed in forma pauperis is granted. The Clerk shall amend the docket to reflect this status. All other pending motions are denied as moot. The temporary stay of removal shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

## COUNSEL

Joubin Nasseri, Nasseri Law Group, Los Angeles, California, for the petitioners.

Eric H. Holder Jr. & Ari Nazarov, United States Department of Justice, Civil Division, Washington, D.C., for the respondent.