**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EMMANUEL MANDUJANO DOMINGUEZ, | No. 12-72843 |
| Petitioner, | Agency No. A089-858-461 |
| v. | MEMORANDUM[*] |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 23, 2015
San Francisco, California

Before: PAEZ, MURGUIA, and HURWITZ, Circuit Judges.

Emmanuel Mandujano Dominguez, a native and citizen of Mexico, petitions

for review of the decision of the Board of Immigration Appeals ("BIA") dismissing

his appeal from the Immigration Judge's ("IJ") denial of his applications for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

asylum, withholding of removal, protection under the Convention Against Torture ("CAT"), and voluntary departure.

1.     Substantial evidence supports the BIA's determination that Dominguez's asylum application was time-barred and that he failed to demonstrate extraordinary or changed circumstances excusing his late filing. *See* 8 U.S.C. § 1158(a)(2)(D); 8 C.F.R. § 208.4(a).

2.     We agree with the BIA that Dominguez has not established eligibility for withholding of removal under 8 U.S.C. § 1231(b)(3) on the basis of his membership in a particular social group or political opinion. Even assuming that Dominguez's family constituted a protected social group, Dominguez failed to show a "clear probability" of future persecution based on his family membership. *INS v. Stevic*, 467 U.S. 407, 429-30 (1984). His alternative proposed protected social group, Mexican men returning from the United States, is foreclosed by our opinion in *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010). Dominguez failed to produce evidence of political opinion before the IJ.

3.     Dominguez's CAT claim is also without merit. As the BIA concluded, he did not show that it is more likely than not that he would face torture by or with the acquiescence of the Mexican government. *See* 8 C.F.R. § 1208.18(a)(1)-(2).

**4.**     This court lacks jurisdiction to review the BIA's dismissal of the IJ's discretionary denial of voluntary departure. *See* 8 U.S.C. § 1229c(f). Accordingly, that claim is dismissed.

**Petition DENIED in part and DISMISSED in part.**