**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 20 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RIGOBERTO ALVAREZ-NUNEZ, | No.   14-71273 |
| Petitioner, | Agency No. A070-162-565 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 6, 2018
Seattle, Washington

Before:  M. SMITH and MURGUIA, Circuit Judges, and ROBRENO,** District Judge.

Rigoberto Alvarez-Nunez ("Alvarez") petitions for review of the decision of

the Board of Immigration Appeals ("the BIA") dismissing his appeal from the

Immigration Judge's ("IJ") decision denying Alvarez's application for withholding

of removal under 8 U.S.C. § 1231(b)(3) and relief under the Convention Against

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

Torture ("the CAT"). We have jurisdiction over the petition for review of the BIA's decision under 8 U.S.C. § 1252. We deny the petition.

1.    Substantial evidence in the record supports the BIA's conclusion that Alvarez failed to establish a clear probability of future persecution on account of his membership in the particular social group of male relatives of his paternal grandfather. *See* 8 C.F.R. § 1208.16(b)(2).[1] Alvarez believes that Mexican drug cartels have retaliated against male members of his family because of his paternal grandfather's local law enforcement role in Mexico decades ago and that they will retaliate against him if he returns to Mexico. In support of his claim, Alvarez points to (1) the execution-style murders of his grandfather and six male family members by unknown assailants; and (2) three anonymous threats Alvarez received in Mexico in 2007 stating that he would be killed if he did not leave town.

The facts Alvarez identifies do not establish that Alvarez's familial membership would be "a reason" for his feared future persecution.[2] *Barajas-*

---

[1]    The BIA assumed, without deciding, that Alvarez established that he was a member of a protected particular social group. Because we find that substantial evidence supports the BIA's conclusion that Alvarez failed to demonstrate a clear probability of future persecution based on his asserted particular social group, we need not decide whether male members of a family constitute a protected particular social group that may form the basis for withholding of removal under 8 U.S.C. § 1231(b)(3).

[2]    Although the BIA applied the "one central reason" standard as opposed to the proper "a reason" standard, *see Barajas-Romero v. Lynch*, 846 F.3d 351, 360

14-71273

*Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017); *see also* 8 U.S.C. § 1231(b)(3)(A). Alvarez has not introduced any evidence indicating that his six male family members were murdered because of their membership in Alvarez's proposed particular social group. The circumstances of the murders – which occurred over the span of thirteen years in different areas of Mexico – do not provide any evidence of such a connection, particularly given that none of the perpetrators were ever identified. Nor has Alvarez established any link between the three threatening notes left on his door and Alvarez's familial membership. Although the notes mentioned that Alvarez would be killed like his grandfather, the notes do not establish that Alvarez was targeted *because of* his familial membership. Further, Alvarez lived in Mexico from 2001 through 2005 without incident. On these facts, Alvarez does not meet his burden of proving that it is "more likely than not" that he will be persecuted in the future upon removal to Mexico because of his status as a male member of his paternal grandfather's family. 8 C.F.R. § 1208.16(b)(2).

2.     Substantial evidence in the record also supports the BIA's finding that Alvarez does not qualify for CAT protection because he did not show that he would be tortured in the future by or with the acquiescence of the Mexican government. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

(9th Cir. 2017), remand is not warranted because the outcome would be the same under either standard.

14-71273

Alvarez asserts that the anonymous threats he received establish that he is more likely than not to be tortured in the future upon return to Mexico. With respect to the Mexican government's acquiescence, Alvarez relies on (1) the local police departments' refusal to investigate the anonymous threats; and (2) evidence regarding the Mexican government's corruption and collusion with drug cartels at the state and local level.

Even assuming that the threats alone establish that it is more likely than not that Alvarez will be tortured upon his return to Mexico, Alvarez has not met his burden to show that the Mexican government would acquiesce in that torture. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014). The local police departments' inability or unwillingness to investigate the anonymous threats Alvarez received is not sufficient to establish acquiescence. *Id.* at 1034 ("Evidence that the police were aware of a particular crime, but failed to bring the perpetrators to justice, is not in itself sufficient to establish acquiescence in the crime."). Alvarez's evidence of country conditions in Mexico also does not support his claim. In general, evidence of drug cartels' infiltration of the Mexican government may be sufficient to establish acquiescence for purposes of a CAT claim. *See Madrigal v. Holder*, 716 F.3d 499, 505, 509-10 (9th Cir. 2013). However, it is insufficient in this case, because Alvarez has not identified any facts in the record supporting his speculation that the individuals who killed his family members or

threatened him were members of a drug cartel.  Therefore, Alvarez's CAT claim fails.

**PETITION DENIED.**