**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GREGORIO GUZMAN-GONZALEZ, | No.  17-70182 |
| Petitioner, | Agency No. A200-711-563 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2020**
Pasadena, California

Before:  SCHROEDER, BYBEE, and COLLINS, Circuit Judges.

Petitioner Gregorio Guzman-Gonzalez, a native and citizen of Mexico,

petitions for review of the decision of the Board of Immigration Appeals (BIA)

affirming the Immigration Judge's (IJ) denial of his applications for withholding of

removal and relief under the Convention Against Torture (CAT).  Because the

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

parties are familiar with the facts, we will not recite them here. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

"Where, as here, the BIA conducts its own review of the evidence and law, our review is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted." *Antonyan v. Holder*, 642 F.3d 1250, 1254 (9th Cir. 2011) (internal quotation marks omitted). We review the BIA's legal determinations de novo and the IJ's factual findings for substantial evidence. *Id.* Those factual findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

1.     To qualify for withholding of removal, a petitioner must show that "it is more likely than not that the petitioner would be subject to persecution on account of one of the protected grounds" if removed. *Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010) (internal quotation marks omitted). The likelihood of future persecution "must be apparent from objective evidence." *Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014).

Substantial evidence supports the BIA's conclusion that Guzman-Gonzalez did not establish that it is more likely than not that he will be persecuted on account of a protected ground if he is returned to Mexico. Contrary to Guzman-Gonzalez's argument, the BIA did not "re-hash [the IJ's] credibility finding." Instead, the BIA

accepted the IJ's finding that Guzman-Gonzalez was credible, but determined that he nevertheless failed to "meet his burden of proof." Credible testimony is not per se sufficient to satisfy a petitioner's burden. *See Ren v. Holder*, 648 F.3d 1079, 1091 (9th Cir. 2011) (noting that an IJ could "find an applicant's testimony credible, but nonetheless insufficient to meet his burden"). Here, Guzman-Gonzalez's subjective belief that he will be persecuted on account of a protected ground if removed is countered by objective evidence. Guzman-Gonzalez's alleged particular social group is his family, and yet all nine of his siblings still live in his hometown in Mexico unharmed. That severely weakens his claim of future persecution. *See Tamang*, 598 F.3d at 1094 ("[A] petitioner's fear of future persecution is weakened, even undercut, when similarly-situated family members living in the petitioner's home country are *not* harmed." (internal quotation marks omitted)). Further, Guzman-Gonzalez's remaining evidence—his testimony that some individuals in his hometown mistakenly believe he murdered a police officer and want to murder Guzman-Gonzalez in return—is missing key details and lacks

corroboration.[1]  In short, the evidence does not compel us to conclude that the BIA erred.

2.      A petitioner is entitled to CAT relief if he demonstrates "that it is more likely than not that he . . . would be tortured if removed to the proposed country of removal."  8 C.F.R. § 1208.16(c)(2).  Lacking sufficient individualized evidence that he is likely to be tortured if removed, Guzman-Gonzalez primarily relies on country conditions reports detailing corruption in Mexico's police force and government to support his request for CAT relief.  But "generalized evidence of violence and crime in Mexico," with no specific link to Guzman-Gonzalez, "is insufficient."  *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).  Thus, substantial evidence supports the BIA's conclusion that Guzman-Gonzalez failed to demonstrate his eligibility for CAT relief.

**PETITION DENIED.**

---

[1] Citing *Ren*, Guzman-Gonzalez argues that the IJ improperly relied on his failure to produce his cousin's death certificate without having provided him an opportunity to explain why he had been unable to obtain it.  Before rendering a decision, the IJ specifically inquired about the absence of the cousin's death certificate and afforded Guzman-Gonzalez and his counsel an opportunity to address that issue.  They responded without explanation that the death certificate was unavailable.  Even assuming that *Ren* then required the IJ to inquire into the reason why the death certificate could not be obtained, *see* 648 F.3d at 1092 n.12, Guzman-Gonzalez was not prejudiced because the multiple other deficiencies in his proof provide ample support for the BIA's conclusion that Guzman-Gonzalez failed to carry his burden of persuasion.

4