**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 21 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JIMMY ALEXANDER CARCAMO-PINEDA,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.  19-71823

Agency No. A208-283-352

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 7, 2020**
Pasadena, California

Before: PAEZ and BADE, Circuit Judges, and ZOUHARY,*** District Judge.

Jimmy Carcamo-Pineda ("Carcamo"), a native and citizen of Honduras,

petitions for review of a Board of Immigration Appeals ("BIA") decision

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Jack Zouhary, United States District Judge for the
Northern District of Ohio, sitting by designation.

dismissing his appeal from an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252. The agency's legal conclusions are reviewed de novo. *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011). We review the agency's factual findings for substantial evidence. *Sinha v. Holder*, 564 F.3d 1015, 1020 (9th Cir. 2009). Substantial evidence review means that we must uphold a factual finding if it is "supported by reasonable, substantial, and probative evidence in the record." *Melkonian v. Ashcroft*, 320 F.3d 1061, 1065 (9th Cir. 2003) (citation omitted).

**1.** Carcamo first challenges the IJ's adverse credibility determination. Having reviewed the record, we conclude that the credibility finding was supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (reviewing adverse credibility determination under the substantial evidence standard). Carcamo presented a series of changing timelines between his oral testimony, written asylum application, credible fear interview, and supporting documentation. When provided the opportunity to explain these discrepancies, Carcamo testified that he had misinformed the asylum officer because he was afraid police in Honduras would find out that he had spoken out against them. This explanation was

unsatisfactory because Carcamo had testified that the Honduran police were already well-aware of his investigation of them. Additionally, Carcamo's assertion that threats against his family prompted his flight to the United States was undermined by his prior statements indicating that the threats were made years earlier.

Thus, Carcamo's explanations for the inconsistencies do not "'compel[]'" the conclusion that he testified credibly. *See Parada v. Sessions*, 902 F.3d 901, 908–09 (9th Cir. 2018) (citation omitted). The record evidence supports the IJ's decision to discredit Carcamo's testimony.

**2.** Carcamo contends that the agency erred in finding that serious reasons existed to believe he "committed a serious nonpolitical crime" in Honduras. *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1188 (9th Cir. 2016) (describing the serious-nonpolitical-crime bar) (quoting 8 U.S.C. §§ 1158(b)(2)(A)(iii) (asylum), 1231(b)(3)(B)(iii) (withholding of removal)).

The IJ noted that Carcamo fled to the United States three days after being charged with organizing a kidnapping for ransom. Relying on the Honduran prosecutor's representation—and Carcamo's partial concession—that Carcamo had received incriminating phone calls from the kidnappers, the IJ did not plainly err in finding that probable cause supported the accusations against Carcamo. *See Go v. Holder*, 640 F.3d 1047, 1052 (9th Cir. 2011). Accordingly, substantial evidence

3

supports the agency's finding.

**3.** Carcamo also petitions for review of the agency's denial of his claim for deferral of removal under the CAT. Substantial evidence supports the agency's decision. Although Carcamo's background documentation painted a troubling picture of conditions in Honduras, he failed to present credible evidence that he would face a particularized risk of torture if he returned to his native country. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010). And, even if we assumed Carcamo testified credibly, the attacks he experienced did not rise to the level of torture because Carcamo was never actually injured. 8 C.F.R. § 1208.18(a). That Carcamo will likely face prosecution in Honduras is of no import because legitimate punishment for criminal wrongdoing does not constitute torture. *Lin v. Holder*, 610 F.3d 1093, 1097 (9th Cir. 2010).

**PETITION DENIED**.