**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

EVERARDO CAMACHO-CASTRO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.    17-72979

Agency No. A092-787-671

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 6, 2023[**]
Pasadena, California

Before:  KLEINFELD, WATFORD, and COLLINS, Circuit Judges.

To be granted a deferral of removal under the Convention Against Torture

(CAT), an applicant must show that "it is more likely than not that he or she would

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). Here, the immigration judge (IJ) found that Camacho-Castro had not proved that he was more likely than not to be tortured if he were removed to Mexico. "We review only the BIA's decision except to the extent the decision adopts or relies on the IJ's reasoning, in which case we review both the IJ's and the BIA's decisions." *Alanniz v. Barr*, 924 F.3d 1061, 1065 (9th Cir. 2019).

Substantial evidence supports the IJ's factual findings, so the facts of the case do not compel us to reverse the IJ's decision. *See* 8 U.S.C. § 1252(b)(4)(B); *Parussimova v. Mukasey*, 555 F.3d 734, 738 (9th Cir. 2009) ("[W]e may reverse only if the evidence in the record compels a contrary result."). To prove that it is more likely than not that the petitioner will be tortured if removed, the petitioner must provide more than "generalized evidence of violence and crime," but evidence of a risk that is "particular" to the petitioner. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

Although Camacho-Castro argues that his accent, demeanor, dress, and other signs that he lived away from Mexico, or in the United States specifically, for a time makes him a likely target for kidnapping, torture, extortion, and other harms if he is returned to Mexico, Camacho-Castro's fears are, as the IJ found, a speculative "series of worst-case scenarios." *Blandino-Medina v. Holder*, 712 F.3d 1338, 1348

(9th Cir. 2013). Although the IJ noted that Camacho-Castro had presented some evidence of "crime directed at recent deportees," the agency permissibly concluded that the overall risk that respondent would personally be subjected to torture was too "speculative" and that Camacho-Castro had therefore failed to carry his burden to show that he was entitled to CAT relief. Camacho-Castro offers no evidence that he specifically is more likely to be targeted than most others who came to Mexico after spending a long time in the United States. Because substantial evidence supports the IJ's conclusion that Camacho-Castro did not provide sufficient evidence that he would be tortured if returned to Mexico, we must deny Camacho-Castro's petition for review.

**PETITION DENIED.**