**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

JOSE W. DIAZ, AKA Jose William Diaz,

         Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

         Respondent.

</td><td>

No.   18-72916

Agency No. A094-317-244

MEMORANDUM[*]

</td></tr>
</table>

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 21, 2023[**]
Pasadena, California

Before: BERZON, RAWLINSON, and BRESS, Circuit Judges.

Jose Diaz (Diaz), a native and citizen of El Salvador, petitions for review of

a Board of Immigration Appeals (BIA) decision affirming an Immigration Judge's

(IJ) denial of his application for asylum, withholding of removal, and protection

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture (CAT).  We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

We review the BIA's legal conclusions *de novo* and its factual determinations for substantial evidence.  *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023), *as amended*.  "We review only the BIA's opinion, except to the extent that it expressly adopted portions of the IJ's decision. . . ."  *Velasquez-Gespar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020) (citation omitted).

**1.**  The IJ did not err in denying Diaz's asylum application as untimely. Diaz entered the United States in 1996 and filed his asylum application in 2015, well after the one-year deadline for filing an asylum application.  *See* 8 U.S.C. § 1158(a)(2)(B).  Diaz did not establish the existence of changed circumstances that would excuse the untimely filing.  *See* 8 U.S.C. § 1158(a)(2)(D).  Because Diaz did not provide evidence of the country conditions that existed in 1996, there is no way to determine whether those conditions changed.  *See Vahora v. Holder*, 641 F.3d 1038, 1042 (9th Cir. 2011) (explaining that § 1158(a)(2)(D) requires the applicant to demonstrate changed circumstances, which can be done by showing changed country conditions).

**2.**  Substantial evidence supports the denial of withholding of removal. Diaz's proposed particular social group of "Returnees From The United States" is

not cognizable under our precedent. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) (per curiam) (concluding that the "proposed social group, 'returning Mexicans from the United States,' . . . is too broad to qualify as a cognizable social group").

The same is true for Diaz's proposed particular social group of "Salvadorans Who Oppose [And] Refuse To Cooperate With El Salvador's Cartels."[1] *See Barrios v. Holder*, 581 F.3d 849, 854 (9th Cir. 2009), *as amended* (rejecting the petitioner's proposed social group of "young males in Guatemala who are targeted for gang recruitment but refuse because they disagree with the gang's criminal activities"), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1087-88 (9th Cir. 2013) (en banc).

*Henriquez-Rivas* does not compel a different result. In *Henriquez-Rivas*, we recognized as cognizable a particular social group of witnesses who openly testified against gang members. *See* 707 F.3d at 1092-93. In addition, fears of criminality in El Salvador do not establish a nexus to a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010), *as amended*.

---

[1] Although Diaz's proposed social group specified "cartels," his arguments and testimony did not distinguish between cartels and gangs.

**3.** Substantial evidence supports the IJ's denial of CAT relief. "[G]eneralized evidence of violence and crime . . . is insufficient" to establish that Diaz will "more likely than not be tortured" if he is returned to El Salvador. *Delgado-Ortiz*, 600 F.3d at 1152 (citation omitted).  Diaz failed to present any evidence that he is subject to a particularized threat of torture.

**PETITION DENIED.**