NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 5 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ARIBERTO ROQUE-SANCHEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 22-487

Agency No.
A205-412-360

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 3, 2023[**]
Las Vegas, Nevada

Before: RAWLINSON and OWENS, Circuit Judges, and FITZWATER, District Judge.[***]

Ariberto Roque-Sanchez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]    The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

1

from the immigration judge's decision denying his application for withholding of removal. Whether a proposed particular social group is cognizable for the purpose of establishing eligibility for withholding of removal is a legal question reviewed de novo. *See, e.g.*, *Aguilar-Osorio v. Garland*, 991 F.3d 997, 999 (9th Cir. 2021) (per curiam). But the subsidiary findings as to whether a proposed particular social group is particular and socially distinct are reviewed for substantial evidence. *See, e.g.*, *Conde Quevedo v. Barr*, 947 F.3d 1238, 1242 (9th Cir. 2020). As the parties are familiar with the facts, we do not recount them here. We deny the petition for review.

1. The BIA did not err in holding that "young men returning from the United States to Mexico" was not a cognizable particular social group. Substantial evidence supports the BIA's finding that this proposed particular social group is neither particular nor socially distinct.

A cognizable particular social group must be "(1) composed of members who share a common immutable characteristic; (2) defined with particularity; and (3) socially distinct within the society in question." *Akosung v. Barr*, 970 F.3d 1095, 1103 (9th Cir. 2020). "[T]he focus of the particularity requirement is whether the group is discrete or is, instead, amorphous." *Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (citation omitted). The inquiry into social distinction "ordinarily demand[s] some type of corroborative, objective evidence" showing

that "a group exists and is perceived as 'distinct' or 'other' in a particular society." *Diaz-Torres v. Barr*, 963 F.3d 976, 981–82 (9th Cir. 2020) (quoting *Pirir-Boc v. Holder*, 750 F.3d 1077, 1084 (9th Cir. 2014)).

Substantial evidence supports the BIA's determination that "young men returning from the United States to Mexico" is "too amorphous regarding age to meet the particularity requirement." The descriptor "young" does not "provide a clear benchmark for determining who falls within the group." *Nguyen v. Barr*, 983 F.3d 1099, 1103 (9th Cir. 2020) (citation omitted). Moreover, Roque-Sanchez did not meet his burden of producing "corroborative, objective evidence" to compel finding that Mexican society perceives "young men returning from the United States to Mexico" as "other." *Diaz-Torres*, 963 F.3d at 981–82.

2. The BIA complied with our instructions on remand to consider in a "case-by-case" manner the "age and gender characteristics" of Roque-Sanchez's proposed particular social group. *Roque-Sanchez v. Barr*, 804 F. App'x 600, 601 (9th Cir. 2020) (unpublished) (citing *Pirir-Boc*, 750 F.3d at 1084). The BIA recognized that Roque-Sanchez's proposed group was "further defined" than the group of "returning Mexicans from the United States" that had been rejected in *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) (per curiam), the case that was the basis of its previous order. But it looked to analogous case law to conclude that, even narrowed as such, the proposed particular social group was not

cognizable.

The BIA "need not discuss each piece of evidence in asylum and withholding of removal claims" so long as it conducts a "case-specific analysis." *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1182–83 (9th Cir. 2021). The BIA acknowledged its mandate from our court. The BIA also referenced and responded to Roque-Sanchez's argument in his remand brief distinguishing his case from *Delgado-Ortiz*. Therefore, the BIA conducted an adequate inquiry on remand.

3. The BIA order did not deny Roque-Sanchez due process. "Due process and this court's precedent require a minimum degree of clarity in dispositive reasoning and in the treatment of a properly raised argument." *Delgado v. Holder*, 648 F.3d 1095, 1107 (9th Cir. 2011). "To prevail on a due process challenge to deportation proceedings, [one] must show error and substantial prejudice." *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000). A showing of prejudice requires proof that "the outcome of the proceeding may have been affected by the alleged violation." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000).

Roque-Sanchez has not proven such a violation. The BIA acknowledged its instructions on remand, applied the proper legal standard, and stated the reasons for its decision. Additionally, even assuming error, Roque-Sanchez has not proven prejudice because substantial evidence supports the BIA's conclusion that his proposed group of "young men returning from the United States to Mexico" is

neither particular nor socially distinct and thus not cognizable.

The stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**