NOT FOR PUBLICATION

**FILED**

JAN 12 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS ANTONIO CHONAY ROSALES, AKA Luis Armiro Garcia, | No.   18-72267 |
| Petitioner, | Agency No. A076-360-283 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2024**
Pasadena, California

Before:  CALLAHAN and BENNETT, Circuit Judges, and KATZMANN,***
Judge.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Gary S. Katzmann, Judge for the United States Court of International Trade, sitting by designation.

Petitioner Carlos Antonio Chonay Rosales petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal of an Immigration Judge (IJ) order denying him withholding of removal and relief under the Convention Against Torture (CAT). In 1990, after a conviction for a controlled substance offense, Chonay Rosales was deported to his home country of Guatemala. He then illegally reentered the United States later the same year. In October 2016, the Department of Homeland Security issued a notice of intent to reinstate Chonay Rosales's prior 1990 order of deportation. He then applied for withholding of removal and CAT protection, expressing a fear of returning to Guatemala.

In the early 1980s, Chonay Rosales participated in student protests against the Guatemalan government during Guatemala's civil war. Chonay Rosales was beaten by the military "about 7 times" during protests in 1985 and 1986. The military "didn't like" the student protests and "would send trucks of soldiers to disperse" the students and strike them with their weapons. As a result, Chonay Rosales was "left beaten and sore."

Chonay Rosales explained he was still afraid of being harmed in Guatemala, because he thought the government was still corrupt; and, although he does not fear the specific soldiers who beat him in 1985, "there is a record" of his involvement in protests against the government because the Guatemalan soldiers wrote down his identifying information on several occasions. Chonay Rosales told the asylum

officer that based on "[w]hat we are seeing through the news[,] the military is mandated and manipulated always [and] they do bad actions through what is established." Chonay Rosales was unaware of the 1996 Guatemalan peace accords ending the civil war or the changes the country has undergone since.

The IJ denied Chonay Rosales's application for withholding of removal and CAT relief.[1] The IJ denied withholding of removal after determining that Chonay Rosales was not a credible witness, that his "unsupported allegation that he faces a danger of being harmed by the Guatemalan government or military due to his involvement in protests over 30 years ago [was] frivolous," and that he had not shown it was more likely than not that he would be persecuted in Guatemala if he were to return. Reasoning that Chonay Rosales based his applications for both forms of relief on the same set of facts, the IJ denied CAT relief because "[w]ithholding of removal requires a much lower showing of harm than relief under CAT," and Chonay Rosales had failed to show the requisite harm for his withholding claim.

---

[1] As to Chonay Rosales's application for withholding of removal, the IJ pointed out that the application relied exclusively on events prior to the 1990 deportation order, and, because Chonay Rosales did not seek asylum during the 1990 deportation case, his application for withholding was barred by *res judicata*. While Chonay Rosales argues the IJ's *res judicata* determination was erroneous, the BIA did not rely on that ground in denying his petition. Therefore, we do not reach his contentions regarding *res judicata*. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (noting that the court's review "is limited to the actual grounds relied upon by the BIA").

3

Therefore, Chonay Rosales could not meet the higher showing of harm required for relief under CAT.

Reviewing the IJ's decision, the BIA concluded that, even assuming Chonay Rosales was credible and his past mistreatment amounted to persecution, the IJ's denial of withholding was not clearly erroneous as—based on a changed country conditions report from the United States Department of State—the conditions in Guatemala have undergone a "fundamental change" in the 30 years since Chonay Rosales's mistreatment. As to CAT relief, the BIA agreed with the IJ that the harm Chonay Rosales experienced did not rise to the level of torture and he had not established a clear likelihood that he would be tortured upon his return to Guatemala. Thus, the BIA upheld the IJ's conclusions and dismissed Chonay Rosales's appeal.

On appeal, Chonay Rosales argues the BIA made two errors. He first claims that the BIA erroneously found he was ineligible for withholding of removal because he was entitled to a presumption of future persecution which was not overcome by evidence in the record. He then claims that the BIA erred in holding his past mistreatment did not amount to torture.

Our review is "limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted" by the BIA. *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006) (quoting *Cordon-Garcia v. INS*, 204 F.3d 985, 990 (9th Cir. 2005)). "We examine the BIA's 'legal conclusions de novo and its factual findings for

substantial evidence.'" *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021) (quoting *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc)). Substantial evidence review requires the BIA's determinations be upheld "if the decision is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Zhao v. Mukasey*, 540 F.3d 1027, 1029 (9th Cir. 2008) (internal quotation marks and citations omitted). Put differently, "[w]e may only reverse the agency's determination where the evidence compels a contrary conclusion from that adopted by the BIA." *Garcia*, 988 F.3d at 1142 (internal quotation marks and citations omitted).

I.       The BIA did not err in its withholding of removal determination.

To succeed on a petition for withholding of removal, the applicant "must demonstrate that it is more likely than not that he would be subject to persecution on one of the specified grounds" in 8 U.S.C. § 1231(b)(3)(A), such as one's political opinion or membership in a social group. *Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006) (citation omitted). The applicant can make this showing either "by establishing a presumption of fear of future persecution based on past persecution" or "through an independent showing of clear probability of future persecution." *Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010) (citing 8 C.F.R. § 1208.16(b)(1)–(2)). The BIA assumed Chonay Rosales experienced past persecution. This triggered a presumption that his "life or freedom would be

5

threatened in the future in [Guatemala] on the basis of the original claim." 8 C.F.R. § 1208.16(b)(1)(i). "To rebut this presumption, the government must show by a preponderance of the evidence that country conditions have so changed that it is no longer likely that the applicant would be persecuted there." *Aden v. Wilkinson*, 989 F.3d 1073, 1086 (9th Cir. 2021); *see* 8 C.F.R. § 1208.16(b)(1)(i)(A).

The BIA implicitly found that the government had met this burden by affirming the IJ's finding of a fundamental change in country conditions over the past 30 years. There is no evidence in the record that compels a finding contrary to the BIA's. The country conditions report from the State Department adequately rebutted the presumption of a likelihood of persecution. As the agency found, the likelihood of future harm is minimal as the country conditions report provides evidence that the Guatemalan government has drastically changed over the past thirty-plus years and is taking affirmative steps to prevent the type of harm that petitioner suffered decades ago. *See Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 1000 (9th Cir. 2003) (upholding BIA's determination that the presumption of future persecution was rebutted by a fundamental change in country conditions in Guatemala). Further, Chonay Rosales's fear of returning is based on his unsubstantiated claim that "[t]he army always keeps resentments," even though the army in power during his past mistreatment is no longer part of the Guatemalan government. Because the evidence does not compel a contrary conclusion to the one

reached by the BIA, substantial evidence supports the BIA's denial of Chonay Rosales's claim for withholding of removal.

II.    The BIA did not err in finding Chonay Rosales's past harm did not amount to torture.

To succeed on a claim for CAT relief, Chonay Rosales "had the burden to prove that it is more likely than not that (1) []he, in particular, would be (2) subject to harm amounting to torture (3) by or with the acquiescence of a public official, if removed." *Garcia*, 988 F.3d at 1147 (citing 8 C.F.R. § 1208.16(c)(2)). "Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture." 8 C.F.R. § 1208.18(a)(2). "[S]peculative fear of torture is not sufficient to satisfy the applicant's burden." *Garcia*, 988 F.3d at 1148.

Chonay Rosales's history of being beaten seven times does not rise to the extreme level of torture. Although undoubtedly painful, the beatings were intermittent, and Chonay Rosales did not report any significant bodily injury or seek medical attention. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 700, 706 (9th Cir. 2022) (holding petitioner who was twice kidnapped and "beaten with brass knuckles that caused hearing damage" had not shown past torture); *Ahmed v. Keisler*, 504 F.3d 1183, 1188, 1201 (9th Cir. 2007) (holding petitioner being "beaten on four occasions," resulting in "scars all over his body" did not establish past torture).

Additionally, Chonay Rosales fears future torture because the soldiers who beat him in the 1980s wrote down his identifying information and the "army always keeps resentments." However, as discussed above, substantial evidence supports the agency's view that circumstances in Guatemala have fundamentally changed since that time. Finally, Chonay Rosales asserts fear based on generalized evidence of violence and corruption in Guatemala, but this is insufficient to compel a conclusion contrary to the BIA's, especially given the finding of a fundamental change in country conditions. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051–52 (9th Cir. 2008) (per curiam) (noting that State Department reports failed to demonstrate applicant faced "any particular threat of torture beyond that of which all citizens of Nepal are at risk"); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (holding that generalized evidence of violence and crime in Mexico not particular to petitioners was insufficient to establish CAT eligibility).

Because substantial evidence supports both the BIA's findings that (1) the country conditions in Guatemala have changed significantly, thus rebutting any presumption that future persecution was likely, and that (2) Chonay Rosales's past harm does not rise to the level of torture, we deny Chonay Rosales's petition for review.

**PETITION DENIED.**