**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

JUN 13 2025

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MERLIN SAID MIRANDA-
QUINTANILLA; GABRIELA SARAHI
GAMEZ-MATEO; J.I.M.G.,

        Petitioners,

  v.

PAMELA BONDI, Attorney General,

        Respondent.

No. 23-3516

Agency Nos.
A220-321-206
A220-319-024
A220-319-022

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 11, 2025[**]

Before: SANCHEZ, H.A. THOMAS, and DESAI, Circuit Judges.

    Merlin Said Miranda-Quintanilla ("Petitioner"), his wife Gabriela Sarahi

Gamez-Mateo, and their minor son, J.I.M.G., natives and citizens of Honduras,

seek review of the Board of Immigration Appeals' ("BIA") dismissal of

Petitioner's claims for asylum, withholding of removal, and relief under the

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT").[1] "We review factual findings for substantial evidence and legal questions de novo." *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022) (citation omitted). Under the substantial evidence standard, we uphold the agency's factual findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Salguero Sosa v. Garland*, 55 F.4th 1213, 1218 (9th Cir. 2022) (quoting 8 U.S.C. § 1252(b)(4)(B)). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.      Substantial evidence supports the BIA's finding that Petitioner's asserted harm, a single attempted robbery in which Petitioner suffered a cut lip, does not rise to the level of past persecution. *See Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021) (stating persecution is an "extreme concept" that "does not include every sort of treatment our society regards as offensive" even if petitioner suffers "some harm" (citations omitted)); *Gu v. Gonzales*, 454 F.3d 1014, 1019 (9th Cir. 2006). We have denied relief when "the record did not demonstrate significant physical harm." *Sharma*, 9 F.4th at 1061. We have also held that "an isolated criminal incident . . . does not begin to resemble persecution." *Id.* at 1062 (citation omitted).

2.      Substantial evidence also supports the BIA's conclusion that

---

[1] Petitioner's wife and minor son did not file independent applications for relief and protection from removal. Petitioner's wife and minor son are therefore derivative beneficiaries of Petitioner's asylum application.

Petitioner's fear of future harm is not objectively reasonable because Petitioner could reasonably relocate. *See Hussain v. Rosen*, 985 F.3d 634, 648 (9th Cir. 2021). After Petitioner moved only a twenty-minute walk from where he was attacked, he and his family lived there largely undisturbed for nearly three months. Petitioner points to two alleged attempted break-ins to claim that his attacker was still pursuing him, but he offers no evidence that his attacker, or someone affiliated with his attacker, attempted these break-ins. Petitioner also points to country conditions evidence indicating a high level of crime in Honduras, but this evidence does not demonstrate that he would specifically be targeted. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151 (9th Cir. 2010) (per curiam) ("Asylum is not available to victims of indiscriminate violence, unless they are singled out on account of a protected ground."). In sum, substantial evidence supports the BIA's conclusion that Petitioner has not established past persecution or a well-founded fear of future persecution.

3. The BIA denied Petitioner's application for CAT relief because he had not established a "particularized fear of torture" with the government's acquiescence, and the record does not compel a contrary conclusion. The minor harm Petitioner suffered does not amount to torture. *See Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1089 (9th Cir. 2020) (defining torture as "severe pain or suffering" that was "intentionally inflicted" at the "instigation of, or with the consent or

3                                                                            23-3516

acquiescence of, a public official or other person acting in an official capacity"); *Davila v. Barr*, 968 F.3d 1136, 1144 (9th Cir. 2020). Furthermore, Petitioner did not alert the Honduran authorities about the attempted robbery, nor does Petitioner offer evidence that Honduran authorities would acquiesce to any serious risk of harm against him. *See Delgado-Ortiz*, 600 F.3d at 1152 (holding that "generalized evidence of violence and crime" does not establish a "particular" fear of torture sufficient for CAT relief); *see also Garcia-Milian v. Holder*, 755 F.3d 1026, 1034–35 (9th Cir. 2014) (stating that acquiescence means government complicity with criminal activity, not merely difficulties controlling criminal activity).

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal remains in place until the mandate issues.