**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSÉ LUIS CERMENO PINZON; CAREN LIZETH MARTINEZ DUARTE; A.J.C.M., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 23-3431 <br><br> Agency Nos. <br> A241-818-783 <br> A241-818-782 <br> A241-818-784 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 25, 2025[**]

Before: SANCHEZ, H.A. THOMAS, and DESAI, Circuit Judges.

Jose Luis Cermeno-Pinzon ("Petitioner"), his wife Caren Lizeth Martinez-Duarte, and their minor son, A.J.C.M., natives and citizens of Colombia, seek review of the agency's denial of Petitioner's claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). The Board of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Immigration Appeals ("Board") summarily affirmed the Immigration Judge's ("IJ") decision without opinion, pursuant to 8 C.F.R. § 1003.1(e)(4). Accordingly, we review "the IJ's decision as we would that of the Board." *Lanza v. Ashcroft*, 389 F.3d 917, 925 (9th Cir. 2004). "We review factual findings for substantial evidence and legal questions de novo." *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022) (citation omitted). Under the substantial evidence standard, we uphold the agency's factual findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Salguero Sosa v. Garland*, 55 F.4th 1213, 1218 (9th Cir. 2022) (citation omitted). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.[1]

1.      Substantial evidence supports the agency's denial of Petitioner's asylum and withholding of removal applications because Petitioner has not established that he faced or will face persecution "by forces that the government was unable or unwilling to control." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017) (en banc) (citation omitted). The IJ found that the Colombian government placed Martinez-Duarte's sister into witness protection after she witnessed members of El Clan del Golfo murder her boyfriend at a

---

[1] Petitioner's wife and minor son did not file independent applications for relief and protection from removal and are therefore derivative beneficiaries only of Petitioner's asylum application. *See Ali v. Ashcroft*, 394 F.3d 780, 782 n.1 (9th Cir. 2005) (stating that, unlike asylum, derivative relief is not available with respect to withholding of removal or CAT protection).

political march. The IJ also found that the police promptly made a report of the threats Petitioner's family received after the murder and escalated it to the district attorney's office. Petitioner's family fled Colombia five days after the district attorney opened their case.

The evidence does not compel the conclusion that the Colombian government is unwilling or unable to control El Clan del Golfo. Martinez-Duarte's sister was put into witness protection after witnessing her boyfriend's murder. *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020) (holding that, under the substantial evidence standard, this court can review both "whether the government can 'control the attackers'" and "whether [the government] can 'protect the attacked'" (citation omitted)). It is true that Petitioner and his family were not immediately offered the same protection, but they also did not witness the murder. The record also shows that the police responded to Petitioner's reports that they were being threatened by forwarding the reports to the prosecutor's office for further investigation. *Hussain v. Rosen*, 985 F.3d 634, 648 (9th Cir. 2021) (stating that "even if the government's response" to instances of harm is "lacking, the standard is not that the government can prevent *all* risk of harm").

Petitioner's other arguments fail to show government inability or unwillingness to control Petitioner's persecutors. Although the Colombian government did not apprehend the individuals who beat Petitioner at a political

march, he was unable to identify his attackers. *See Doe v. Holder*, 736 F.3d 871, 878 (9th Cir. 2013) (holding that government inability or unwillingness to control persecutors is not demonstrated where petitioner could not provide specific information to permit police investigation or arrest). Similarly, the mere fact that the police ultimately released El Clan del Golfo members who extorted Petitioner does not compel the conclusion that the government could not control the group. *See id.*; *see also Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005) (holding that unsuccessful investigation does not necessarily establish inability or unwillingness to control perpetrators). Additionally, Petitioner's country conditions evidence indicates that the Colombian government has taken meaningful steps to dismantle El Clan del Golfo through operations resulting in the arrest and prosecution of hundreds of the group's members and many of its leaders.[2] *See Hussain*, 985 F.3d at 648 (stating that a "country's government is not 'unable or unwilling' to control violent, nonstate actors when it demonstrates efforts to subdue said groups" (citation omitted)).

2. Substantial evidence supports the agency's denial of Petitioner's application for CAT relief because he has not established a particularized fear of

---

[2] We decline to review new country conditions evidence raised for the first time in Petitioner's opening brief because it was not presented to the agency. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (appellate review limited to the information in the administrative record).

torture or a likelihood that the government would acquiesce to his torture. Petitioner suffered a fractured arm from a single beating by an unknown assailant at a political march. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151 (9th Cir. 2010) (per curiam) (holding that "generalized evidence of violence and crime" does not establish a "particular" fear of torture); *Hernandez v. Garland*, 52 F.4th 757, 769 (9th Cir. 2022) (stating that "even instances of significant physical abuse" may not constitute torture). His wife and minor son experienced no physical harm in Colombia. Although Petitioner and his family were threatened after the murder of the boyfriend of Martinez-Duarte's sister, threats alone are generally insufficient to establish CAT relief. *See, e.g.*, *Sharma v. Garland*, 9 F.4th 1052, 1067 (9th Cir. 2021) (holding that repeat threats alone are not sufficient to establish a basis for CAT relief).

Petitioners also offers no evidence of the Colombia government's acquiescence. The country conditions evidence establishes that the government has convicted military and police officials who engage in torture, and the Colombian government has taken meaningful steps to dismantle El Clan del Golfo. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1035 (9th Cir. 2014) (observing that acquiescence means government complicity in criminal activity, not merely difficulties controlling criminal activity).

**PETITION DENIED.**[3]

---

[3] The temporary stay of removal remains in place until the mandate issues.