NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JESSICA ALVAREZ MEZA DE GARCIA; et al.,<br><br>Petitioners,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 24-2621<br><br>Agency Nos.<br>A243-148-865<br>A243-148-866<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 7, 2025[**]
Seattle, Washington

Before: HAWKINS, BEA, and BENNETT, Circuit Judges.

Petitioner Jessica Alvarez Meza de Garcia and her minor daughter seek review

of a decision of the Board of Immigration Appeals ("BIA") affirming the

Immigration Judge's ("IJ") denial of their application for asylum, withholding of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, and relief under the Convention Against Torture ("CAT"). We review the agency's factual findings related to eligibility for substantial evidence, *Singh v. Garland*, 57 F.4th 643, 651 (9th Cir. 2023), and we deny the petition.

To be eligible for asylum, Meza de Garcia must establish a well-founded fear of persecution on account of a protected ground. 8 U.S.C. § 1101(a)(42)(A). She asserts a fear of harm based on the particular social groups of (1) Peruvian women and girls, and (2) people with familial ties to Rubi Romina Garcia Alvarez (her eldest adult daughter). Even assuming these were cognizable social groups, there is no evidence Meza de Garcia was targeted on these bases. Meza de Garcia was robbed on two occasions near her home. In the first instance, she was pushed to the ground and insulted by two men who demanded her cellphone. In the second incident, she was walking with her daughter, and a man on a motorcycle grabbed her backpack. The IJ found these were opportunistic robberies, and that her attackers were motivated by a desire to obtain her property. The evidence in the record does not compel a contrary conclusion. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992). As such, the IJ and BIA correctly concluded Meza de Garcia did not establish a nexus to a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). As there was no evidence of a relevant motive, it was unnecessary for

the agency to conduct a mixed-motives analysis. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018 (9th Cir. 2023). The absence of any nexus precludes eligibility for asylum and withholding of removal. *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017).

Nor does the evidence compel the conclusion that Meza de Garcia is entitled to relief under CAT. Although Meza de Garcia argues that gender-based violence runs rampant in Peru, she did not experience harm rising to the level of torture or demonstrate that she will more likely than not be subject to torture in the future with the consent or acquiescence of Peruvian authorities. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) ("Petitioners' generalized evidence of violence and crime . . . is not particular to Petitioners and is insufficient to meet this standard.")

**PETITION DENIED.**