NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 25 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| URBANO MENDEZ AMADOR; KEVIN MENDEZ RAMIREZ, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-1970 <br><br> Agency Nos. <br> A215-897-655 <br> A215-897-656 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2023[**]
San Francisco, California

Before: BEA, CHRISTEN, and JOHNSTONE, Circuit Judges.

Urbano Mendez Amador and his minor son ("Petitioners"), natives and

citizens of Guatemala, seek review of an order from the Board of Immigration

Appeals ("BIA") dismissing their appeal of an order from an Immigration Judge

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("IJ") (collectively, "the Agency") denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Because the parties are familiar with the facts, we do not recount them here.

We have jurisdiction under 8 U.S.C. § 1252. Where, as here, the BIA adopts the IJ's reasoning, we review both decisions. *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018). We review legal conclusions de novo and factual findings for substantial evidence. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). We deny the petition.

Substantial evidence supports the Agency's finding that Petitioners failed to establish a nexus between Mendez Amador's past or feared future persecution and either family membership or political opinion. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 357 (9th Cir. 2017); 8 U.S.C. §§ 1158(b)(1)(B)(i) (listing protected grounds for asylum), 1231(b)(3)(A) (same, for withholding of removal). Petitioners' general "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

Substantial evidence also supports the Agency's finding that Mendez Amador is ineligible for CAT protection because Petitioners did not establish that "it is more likely than not that [Mendez Amador] would be tortured" by or with the consent or acquiescence of the Guatemalan government. *See* 8 C.F.R.

§§ 1208.16(c)(2), 1208.18(a)(1). The Agency reasonably concluded that Mendez Amador was not previously tortured in Guatemala, and Petitioners failed to show an individualized threat of future torture specific to Mendez Amador. "[G]eneralized evidence of violence and crime . . . is insufficient" for CAT eligibility. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

Because Mendez Amador's petition for review fails, any claim his son holds as a derivative asylum applicant also fails. *See* 8 U.S.C. § 1158(b)(3)(A); *Kumar v. Gonzales*, 439 F.3d 520, 521, 525 (9th Cir. 2006). The Government's motion to correct and amend the case caption is granted in part[1] and denied in part as moot. Petitioners' amended motion to stay removal is also denied as moot.[2]

**PETITION DENIED.**

---

[1] We direct the Clerk to change Mendez Amador's name in the case caption from "Amador Mendez Amador" to "Urbano Mendez Amador" to reflect his first name.
[2] Mendez Amador's temporary stay shall remain in effect until issuance of the mandate. *See* General Order 6.4(c).