**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE REGALADO HERNANDEZ,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Defendant-Appellant. | No. 22-1756<br><br>Agency No. A206-683-872<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2024**
Pasadena, California

Before: W. FLETCHER, NGUYEN, and LEE, Circuit Judges.

Petitioner Jose Regalado Hernandez petitions for review of a decision by the

Board of Immigration Appeals (BIA) dismissing his appeal from the Immigration

Judge's (IJ) denial of his claims for asylum, withholding of removal, and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture (CAT).  We have jurisdiction under 8 U.S.C. § 1252.  We deny the petition.

Where, as here, the BIA summarily adopts the IJ's decision without an opinion, we "review the IJ's decision as if it were the BIA's decision." *Zheng v. Ashcroft*, 397 F.3d 1139, 1143 (9th Cir. 2005).  We review legal conclusions *de novo* and factual findings for substantial evidence.  *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022).  "To prevail under the substantial evidence standard, the petitioner 'must show that the evidence not only supports, but compels the conclusion that these findings and decisions are erroneous.'" *Id.* (quoting *Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020)).

Substantial evidence supports the agency's finding that Regalado Hernandez did not establish persecution that would make him eligible for asylum or withholding of removal.  Unfulfilled threats, without more, generally do not amount to persecution.  *Lim v. I.N.S.*, 224 F.3d 929, 936 (9th Cir. 2000).  Regalado Hernandez was not physically harmed in El Salvador, and there is no evidence the gangs carried out their threats against other supporters of the FMLN party.  The country reports do not describe politically motivated violence or election interference by gangs in El Salvador.  The other mistreatment Regalado Hernandez suffered does not compel a finding of persecution.

Further, Regalado Hernandez did not report the threats to the Salvadoran police, and the agency found he did not establish that such a report would have been futile or dangerous. There is some evidence the police would not have helped Regalado Hernandez. He testified that gang members were joining the police academy and that he witnessed gang members bribe a police officer. But he also testified that a sergeant told him it was becoming harder to meet the requirements of the police academy, suggesting that the police were making efforts to weed out gang members. His testimony that gang members were attending the police academy at some point before 2002 does not compel a finding that gang members continued to infiltrate the police in 2013 and 2014. The country conditions report recounts that the Salvadoran government is attempting to curb gang violence, and does not recount that the police have been corrupted by gangs. In light of the above, we cannot say the record as a whole "compels the conclusion" that the agency's finding was erroneous. *Plancarte Sauceda*, 23 F.4th at 831 (internal quotation omitted).

We deny the petition as to Regalado Hernandez's CAT claim for similar reasons. Torture is "more severe than persecution," *Guo v. Sessions*, 897 F.3d 1208, 1217 (9th Cir. 2018), and Regalado Hernandez did not show the threats amounted to persecution. The generalized evidence of corruption and violence in

3

El Salvador, is not specific enough to show government acquiescence. *See*

*Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam).

**PETITION DENIED.**