NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 18 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KELIN VARGAS LAINEZ; KEVIN VARGAS MARTEL, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 23-3432 <br><br> Agency Nos. <br> A220-940-616 <br> A220-940-617 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2024[**]
San Francisco, California

Before: GOULD and BUMATAY, Circuit Judges, and COLLINS, District Judge.[***]

Kelin Vargas Lainez and Kevin Vargas Matel ("Petitioners"), natives and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

citizens of Honduras, petition for review of the Board of Immigration Appeals' ("BIA") dismissal of their appeal of an immigration judge's ("IJ") denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Vargas Matel is a derivative applicant on Vargas Lainez's application for asylum. We have jurisdiction under 8 U.S.C. § 1252. We review the agency's legal conclusions de novo and its factual findings for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). We deny the petition for review.

1.      Substantial evidence supports the agency's finding that Vargas Lainez failed to show he suffered past persecution. 8 C.F.R. § 1208.13(b). The unfulfilled threats that Vargas Lainez received from gangs and police in Honduras amounted to harassment and general country violence rather than persecution. *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2014); *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003).

2.      Even if the harm Vargas Lainez suffered rose to the level of persecution, substantial evidence supports the agency's finding that Vargas Lainez failed to establish a nexus between the harm and a protected ground. 8 U.S.C. § 1101(a)(42)(A); 8 U.S.C. § 1231(b)(3)(A). The agency appropriately concluded that Vargas Lainez was not a member of "Honduran men who are opposed to gang violence and gang persecution" or "Honduran men who are opposed to

governmental threats and persecution" because Vargas Lainez never took any steps to oppose the extortion efforts by either the gang or the police. *Matter of W-G-R-*, 26 I. & N. Dec. 208, 223 (BIA 2014) (holding applicant must show membership in the proposed social group). The agency also appropriately concluded that "Honduran witnesses of governmental persecution that have information that would embarrass the government and perpetrators of the crime" is not a cognizable group because it lacks social distinction. *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1084 (9th Cir. 2020) (citing *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 227 (BIA 2014)). There is no evidence that Honduran society perceives or recognizes the group or that there is a common immutable characteristic that sets the group apart from other people in Honduras in a significant way. *Id.* at 1077 (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. at 238). Substantial evidence further supports the agency's finding that "Honduran men who are victims of gang violence and gang persecution," "Honduran victims of crime," and "Honduran men who are victims of governmental threats and persecution" are not cognizable groups because they do not "exist independently of the harm asserted . . . ." *Id.* at 1080, 83. Finally, substantial evidence supports the finding that Vargas Lainez's fears arise from general crime in Honduras which is typically insufficient for asylum, withholding, or CAT protection. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010); *Ochave v. INS*, 254 F.3d 859, 865 (9th Cir. 2001) (citing *Sangha v. INS*, 103 F.3d

1482, 1487 (9th Cir. 1997)).

3.      Substantial evidence supports the agency's finding that Vargas Lainez was not eligible for humanitarian asylum because the fact that he received unfulfilled threats did not establish severe past persecution or a likelihood of other serious harm if he were returned to Honduras. 8 C.F.R. §§ 1209.13(b)(1)(iii)(A)–(B).

4.      Substantial evidence supports the agency's finding that Vargas Lainez failed to establish a clear probability of torture to qualify for CAT relief. *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). He did not show that he suffered past torture nor that the gang or police are seeking to torture him in the future. *Delgado-Ortiz*, 600 F.3d at 1152 (explaining that evidence of a risk of torture must be particularized to the applicant and that "generalized evidence of violence and crime . . . is insufficient").

     **PETITION DENIED.**