NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 5 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| E.G.C.,<br><br>     Petitioner,<br><br> v.<br><br>MERRICK B. GARLAND, Attorney<br>General,<br><br>     Respondent. | No. 24-348<br><br>Agency No.<br>A073-939-532<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 3, 2024
San Francisco, California

Before: TYMKOVICH**, M. SMITH, and BUMATAY, Circuit Judges.

Petitioner E.G.C., a citizen of El Salvador, petitions for review of the Board

of Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ")

---

  \*   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  \*\*   The Honorable Timothy M. Tymkovich, United States Circuit Judge for the Court of Appeals, 10th Circuit, sitting by designation.

denial of deferral of removal pursuant to the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review legal issues *de novo*, *see Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014), and administrative findings of fact for substantial evidence, *see* 8 U.S.C. § 1252(b)(4)(B). That means we uphold factual findings by the agency "unless any reasonable adjudicator would be compelled to conclude to the contrary." *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016) (quoting *Garcia*, 749 F.3d at 789).

1. Substantial evidence supports the BIA's determination that Petitioner failed to establish his eligibility for relief under CAT. A petitioner seeking CAT relief must show that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C. F. R. § 1208.16(c)(2). "To constitute torture, an act must inflict 'severe pain or suffering,' and it must be undertaken 'at the instigation of, or with the consent or acquiescence of, a public official.'" *Hernandez v. Garland*, 52 F.4th 757, 769 (9th Cir. 2022) (quoting 8 C.F.R. § 1208.18(a)(1)).

Petitioner fears torture by gangs and the Salvadoran government. But the record shows that he never faced any physical harm from gangs or the government, let alone the "extreme ... cruel and inhuman treatment" constituting

---

[1] The IJ determined that Petitioner was convicted of a particularly serious crime and thus ineligible for asylum and withholding of removal. Petitioner does not challenge that conclusion on appeal.

torture. 8 C.F.R. § 1208.18(a)(2); *see Edu v. Holder*, 624 F.3d 1137, 1145 (9th Cir. 2010) (noting that "the existence of past torture" is "'ordinarily the principal factor'" on which the court will rely in determining whether an applicant will face future torture (quoting *Nuru v. Gonzales*, 404 F.3d 1208, 1218 (9th Cir. 2005)). And while it's true that he and his family have had unfortunate encounters with gangsters, none of those interactions were torture or suggest he'll face future torture.

Next, the country conditions Petitioner relies on do not persuade us that he faces a "particularized risk of torture" under the State of Exception because of his non-gang-related tattoos and non-gang criminal history. *See Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021). As for his concerns about prison torture, Petitioner failed to show a greater than 50% chance each of arrest, incarceration, and eventual torture. *Velasquez-Samayoa v. Garland*, 49 F.4th 1149, 1153–56 (9th Cir. 2022) (explaining that a petitioner must establish that each step in a "hypothetical chain of events is more likely than not to happen" and "that the entire chain will come together to result in the probability of torture"). And to the extent Petitioner's country-claims evidence discusses torture, many of its claims are general, conclusory, and often over-inclusive of the group Petitioner belongs to—non-gang-member deportees with non-gang criminal histories and non-gang tattoos. "[G]eneralized evidence of violence and crime" in the proposed country of removal—including in that country's prisons—"is not particular to Petitioner[] and

24-348

is" not a sufficient basis for granting protection under the CAT. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

For the above reasons, in light of all the evidence in the record, substantial evidence supports the BIA's determination that Petitioner failed to establish his eligibility for CAT deferral.

2. The record also shows that the BIA properly considered the aggregate risk of torture and Petitioner's country-conditions evidence. The BIA determined that Petitioner did not establish the required government acquiescence to torture. That makes him ineligible for CAT relief no matter the sources of the combined torture risk. On country-conditions evidence, IJs have broad discretion to conduct and control immigration proceedings and to admit and consider relevant and probative evidence, including witness testimony. *See* 8 C.F.R. § 1240.1(c). Here, the government had no chance to cross-examine Dr. McNamara. *See* Immigration Court Practice Manual § 4.16(d) (June 20, 2023) (noting that parties should be able to cross-examine witnesses and object to testimony). Given the IJ's wide discretion, we see no error in how the agency proceeded.

3. Petitioner's due process claims also fail. Petitioner first claims that a Department of Homeland Security ("DHS") data breach affected the outcome of his proceedings and that the BIA ignored his argument that American data-sharing with the Salvadoran government increases Petitioner's risk of arbitrary detention. "As a

general rule, an individual may obtain relief for a due process violation only if he shows that the violation caused him prejudice, meaning the violation potentially affected the outcome of the immigration proceeding." *Gomez-Velazco v. Sessions*, 879 F.3d 989, 993 (9th Cir. 2018). Petitioner has not shown how the inadvertent disclosure of his information, which occurred before his IJ hearing, potentially affected the outcome of that proceeding. Further, contrary to Petitioner's arguments, the BIA did address his concerns about government data-sharing. It discussed public corruption and separately determined that Petitioner did not identify any information that could be shared with the Salvadoran authorities that would materially change the predictive findings about the likelihood of future torture. We agree that Petitioner has not shown how the information disclosed, combined with his non-gang tattoos and non-gang criminal history, makes his being tortured more likely than not.

4. Petitioner's claim that the IJ did not adequately develop the record during Petitioner's niece's testimony is also unavailing. The record shows that the IJ asked Petitioner's niece questions about past physical harm that she and other family members suffered from Salvadoran gang members. The record also shows that the government asked Petitioner's niece additional questions about her experience and that Petitioner declined to ask her any questions.

5. Petitioner was also not denied the right to seek counsel. On the contrary,

he was provided ample time and multiple continuances to obtain counsel in the five months between his initial hearing and his merits hearing. *See Arrey v. Barr*, 916 F.3d 1149, 1158–59 (9th Cir. 2019) (holding that, although the respondent did not waive her right to counsel, the IJ granted multiple continuances for her to find an attorney and thus did not violate her right to counsel). Even if we consider only the two months (and two continuances) between the date the notice to appear was served and the date when the IJ ruled that E.G.C. would have to go forward without representation, that window would still have given E.G.C. a sufficient opportunity to obtain counsel.

6. Finally, Petitioner has not shown any prejudice from alleged deficiencies in interpretation and video conferencing. Petitioner contends that certain words were mistranslated during his testimony and that he had difficulty understanding what was being said. While there were video connection issues and translation issues, the record reflects that the parties cooperated to resolve those issues and questions and answers were repeated. Petitioner does not specify any specific aspects of his claim that he was prevented from presenting because of these alleged deficiencies. In any event, petitioner does not show that the outcome of his proceedings may have been different absent these issues. *See Gomez-Velazco*, 879 F.3d at 993.

7. The Appellate Commissioner previously granted in part Petitioner's unopposed motion to proceed pseudonymously. Dkt. No. 32. That order reserved

24-348

for the merits panel Petitioner's request to proceed by pseudonym in the final decision. *Id.* That request is granted. All pending motions are denied as moot.

**PETITION DENIED.**