NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 26 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MIRIAM MARIBEL MONTUFAR-
AGUILAR; JOSUE DAVID CUCINATI-
MONTUFAR,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-539

Agency Nos. A240-765-686
A240-765-687

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 24, 2025**
Pasadena, California

Before: NGUYEN and MENDOZA, Circuit Judges, and KERNODLE, District
Judge.***

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Jeremy D. Kernodle, United States District Judge for
the Eastern District of Texas, sitting by designation.

1

Petitioners are a family from Guatemala. Miriam Maribel Montufar-Aguilar ("Montufar-Aguilar") is the lead petitioner and Josue David Cucinati-Montufar is her minor son. They petition for review of a decision by the Board of Immigration Appeals ("BIA") affirming the denial of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition.

"Where the BIA conducts its own review of the evidence and law, rather than adopting the IJ's decision, our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012) (internal quotation marks omitted). Factual findings by the BIA are reviewed for substantial evidence and "'are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014) (quoting 8 U.S.C. § 1252(b)(4)(B)).

1.    Substantial evidence supports the BIA's denial of asylum and withholding of removal because Petitioners fail to establish a nexus between past persecution or fear of persecution and a protected ground. To qualify for asylum, a petitioner must "demonstrate a nexus between her past or feared harm and a protected ground." *Garcia v. Wilkinson*, 988 F.3d 1136, 1143 (9th Cir. 2021). "[T]he protected characteristic must be 'a central reason' for the past or feared harm." *Id.* Similarly, an applicant for withholding of removal must demonstrate

2

"that a cognizable protected ground is 'a reason' for future persecution." *Id.* at 1146. Montufar-Aguilar argues that she was targeted by gangs in the past and will be targeted again if she were to return to Guatemala, particularly because of her status as a returning immigrant. There is no evidence, however, that she was previously targeted before based on a protected ground. Rather, each incident where Montufar-Aguilar was robbed by gang members appears to be isolated and committed by different individuals who did not know Montufar-Aguilar. Montufar-Aguilar cites country condition research that demonstrates general violence throughout the country and anecdotal testimony about two individuals who were harmed in Guatemala after returning from the United States, but this does not compel a contrary finding. Her desire "to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

2. Substantial evidence likewise supports the BIA's determination that Petitioners fail to establish a particularized risk of torture. To be eligible for CAT protection, Montufar-Aguilar "must demonstrate that [she] would be subject to a particularized threat of torture." *Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021) (emphasis omitted) (internal quotation marks omitted). Montufar-Aguilar relies on generalized country conditions, noting "pervasive societal violence." *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam)

("Petitioners' generalized evidence of violence and crime in Mexico is not particular to Petitioners and is insufficient to meet this [CAT] standard."). This is not enough to compel a finding of CAT eligibility.

**PETITION DENIED.**