NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 17 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEVYN ESTUARDO PEREZ-GOMEZ; SILVIA LUCRECIA GARCIA-GARCIA; A. D. P. -G., Petitioners, v. PAMELA BONDI, Attorney General, Respondent. | No. 23-4012 Agency Nos. A220-606-060 A220-152-474 A220-152-475 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 13, 2025**

Before: SANCHEZ, H.A. THOMAS, and DESAI, Circuit Judges.

Kevyn Estuardo Perez-Gomez, Silvia Lucrecia Garcia-Garcia, and their

minor son, A. D. P.-G., are citizens and natives of Guatemala. They seek review of

an order from the Board of Immigration Appeals ("BIA") affirming, without

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

opinion, a decision by an Immigration Judge ("IJ") (collectively "the Agency") denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Where the BIA "affirms, without opinion, the result of the decision below," the decision is reviewed as "the final agency determination." *Recinos De Leon v. Gonzales*, 400 F.3d 1185, 1188, n.6 (9th Cir. 2005) (quoting 8 C.F.R. § 1003.1(e)(4)(ii)). "We review purely legal questions de novo, and the [A]gency's factual findings for substantial evidence." *Perez-Portillo v. Garland*, 56 F.4th 788, 792 (9th Cir. 2022). Under this "highly deferential" standard, the Agency's factual findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Salguero Sosa v. Garland*, 55 F.4th 1213, 1217–18 (9th Cir. 2022) (quoting *Nasrallah v. Barr*, 590 U.S. 573, 584 (2020)); *see also* 8 U.S.C. § 1252(b)(4)(B). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

1. Substantial evidence supports the Agency's denial of Petitioners' applications for asylum and withholding of removal. Perez-Gomez claims that members of the "shalom" gang threatened him to gain information about the company for which he worked. But substantial evidence supports the Agency's finding that the threats that Perez-Gomez suffered did not rise to the level of past persecution because they did not result in physical harm and were isolated incidents. *See Lim v. I.N.S.*, 224 F.3d 929, 936 (9th Cir. 2000) ("Threats standing

alone, however, constitute past persecution . . . only when the threats are so menacing as to cause significant actual 'suffering or harm.'" (citations omitted)). Substantial evidence also supports the Agency's conclusion that Petitioners had not established an objective fear of future persecution as they failed to explain why they could not relocate to another part of Guatemala. *See Kaiser v. Ashcroft*, 390 F.3d 653, 659 (9th Cir. 2004) ("Where . . . the applicant has not established past persecution, the applicant bears the burden of establishing that it would be either unsafe or unreasonable for him to relocate, unless the persecution is by a government or is government-sponsored.").

The Agency also concluded that any harm that Petitioners suffered or would suffer did not bear a nexus to a protected ground. The record does not compel a contrary conclusion. Petitioners have not offered evidence that their proposed particular social group, "Guatemalan workers that are viewed as property of the gangs and without government protection," is "composed of members who share a common immutable characteristic," "defined with particularity," and "socially distinct within" Guatemalan society. *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1077 (9th Cir. 2020) (citation omitted).[1]

---

[1] We reject the government's argument that Petitioners failed to exhaust any challenge before the BIA to the IJ's determinations that Petitioners failed to establish that they could not safely relocate within Guatemala, that their proposed particular social group lacked immutability and was impermissibly defined, and

2. Substantial evidence supports the Agency's denial of CAT protection. "To receive CAT protection, a petitioner must prove that it is 'more likely than not' that he or she would be tortured if removed." *Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021) (citation omitted). The Agency found that Petitioners failed to "present a particularized fear of torture in Guatemala." *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (holding that "generalized evidence of violence and crime" is insufficient to establish a "particular" fear of torture for CAT relief). Petitioners did not report these encounters with gang members to the police. Nor did Petitioners offer evidence of government acquiescence beyond general reports of country conditions and speculative claims of government "unwilling[ness] to control the persecutors." *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1035 (9th Cir. 2014) (defining acquiescence as government complicity with criminal activity, as opposed to government issues with controlling criminal activity).

**PETITION DENIED**.[2]

---

that the government of Guatemala had not acquiesced to Petitioners' alleged persecutors. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) ("A petitioner 'need not use precise legal terminology to exhaust his claim. Nor must he provide a well developed argument.'" (citation omitted)).

[2] The temporary stay of removal remains in place until the mandate issues.