NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 15 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FRANCISCO JAVIER AROCHE-
MONTOYA; PIEDAD CRISTAL
CATALAN-PEREZ; ALESSIA
GUADALUPE AROCHE-CATALAN,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-788

Agency Nos.
A220-148-835
A220-148-836
A220-148-837

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 10, 2025[**]
Pasadena, California

Before: RAWLINSON, MILLER, and JOHNSTONE, Circuit Judges.

Francisco Javier Aroche-Montoya, a native and citizen of Guatemala,

petitions for review of a decision of the Board of Immigration Appeals ("BIA")

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

affirming an immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.[1]

"Where, as here, the BIA affirms the IJ's decision without opinion, we review the IJ's decision as the final agency action." *Circu v. Gonzales*, 450 F.3d 990, 993 (9th Cir. 2006) (citation omitted). We review the agency's legal conclusions de novo and its findings of fact for substantial evidence. *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

1.      Substantial evidence supports the IJ's denial of Petitioner's asylum and withholding-of-removal claims on the ground that he failed to show that any action taken against him in Guatemala bears a nexus to a protected ground. Petitioner's testimony supports the finding that he "was an unfortunate victim of extortion" by a Guatemalan gang, which was the reason for his past mistreatment. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (holding that an individual's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

---

[1] Petitioner's wife and their minor daughter are each derivative beneficiaries of petitioner's asylum application. They also filed independent asylum, withholding, and CAT claims, but petitioner's counsel acknowledged that their independent claims are based on petitioner's experiences and are "basically the same" as his. Because substantial evidence supports the agency's determinations as to petitioner's claims, it also supports the denial of their independent claims.

Nothing in the record compels the conclusion that his membership in any particular social group was or would be "a reason" for any past or potential future mistreatment. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1023 (9th Cir. 2023).

2. "Generalized evidence of violence and crime is insufficient to establish a likelihood of torture." *Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023) (citing *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam)). Substantial evidence supports the agency's determination that Aroche-Montoya's generalized evidence of violence and crime did not meet his burden for CAT protection. *See id.* ("The record must show that it is more likely than not that the petitioner will face a *particularized* and *non-speculative* risk of torture.").

**PETITION DENIED.**[2]

---

[2] The stay of removal remains in place until the mandate issues.