NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 25 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BERNARD CYRILLE, Petitioner, v. PAMELA BONDI, Attorney General, Respondent. | 19-72955 Agency No. A209-383-838 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 8, 2025
Pasadena, California

Before: RAWLINSON, MILLER, and JOHNSTONE, Circuit Judges.

Bernard Cyrille, a native and citizen of Haiti, petitions for review of a

decision of the Board of Immigration Appeals dismissing his appeal of an

immigration judge's order denying his applications for asylum, withholding of

removal, and protection under the Convention Against Torture (CAT). We have

jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

We review the agency's legal conclusions de novo. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021). We review the agency's factual findings for substantial evidence and must uphold the findings "unless any reasonable adjudicator would be compelled to conclude to the contrary." *Garland v. Ming Dai*, 593 U.S. 357, 365 (2021) (quoting 8 U.S.C. § 1252(b)(4)(B)).

1. Substantial evidence supports the agency's denial of asylum and withholding of removal. To establish eligibility for asylum and withholding of removal, an applicant "must demonstrate a nexus between [his] past or feared harm and a protected ground." *Garcia*, 988 F.3d at 1143 (citing *Barajas-Romero v. Lynch*, 846 F.3d 351, 359–60 (9th Cir. 2017)).

Cyrille claims to fear persecution on account of his imputed political opinion and his membership in the particular social group of "immediate family members of a targeted political activist." The immigration judge found that the motives of the men who attacked Cyrille's mother's home in April 2011 were "still unknown," and that there was "insufficient evidence . . . that they were even after [Cyrille]." As for an incident in 2012 when an unidentified person in a car flashed the car's lights at Cyrille and his mother, the immigration judge found that "whoever these people were," they did not "know [Cyrille's] political opinion." The immigration judge found insufficient evidence in the record to establish that Cyrille's family membership or imputed political opinion motivated any of the

individuals who attacked his mother's home or who flashed car lights at him and his mother. Based on that finding, the Board affirmed the immigration judge's determination that Cyrille "did not establish the requisite nexus between a protected characteristic and the harm he fears."

Substantial evidence supports the Board's determination. Cyrille told the immigration judge that he did not know why the men attempted to enter his mother's home. Although Cyrille's mother was involved in a disagreement with members of a political organization to which she belonged, Cyrille did not ask her if she knew the identities of the individuals who came to her home, and he did "not know if [they were] the same people in that political group."

Cyrille argues that the Board erred because it reviewed the immigration judge's nexus determination for clear error. The Board reviews the immigration judge's "underlying factual findings, such as what a persecutor's motive may be, for clear error," but it "must review de novo whether a persecutor's motives meet the nexus legal standards." *Umana-Escobar v. Garland*, 69 F.4th 544, 552 (9th Cir. 2023). Even if the Board misstated the standard of review, however, the misstatement was harmless. The Board accepted the immigration judge's finding that Cyrille did not establish the attackers' persecutory motives. Because the Board found that there was no evidence of persecutory motive, it could not have found nexus. *Cf. Singh v. Barr*, 935 F.3d 822, 827 (9th Cir. 2019) (per curiam) ("Because

the BIA adopted the IJ's finding of *no* nexus between the harm to [the petitioner] and the alleged protected ground, . . . remand to the BIA 'would be an idle and useless formality.'" (quoting *NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n.6 (1969))). For similar reasons, substantial evidence supports the agency's denial of Cyrille's claim for withholding of removal. *Id*.

2. Substantial evidence supports the agency's denial of CAT relief. To qualify for protection under the CAT, Cyrille must show that it is more likely than not that, if removed to Haiti, he will be tortured. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019); 8 C.F.R. § 1208.16(c)(2). To constitute torture, severe harm must be inflicted by, "or with the consent or acquiescence of, a public official." 8 C.F.R. § 1208.18(a)(1).

The record does not compel the conclusion that Cyrille will be tortured with the consent or acquiescence of the Haitian government if removed. The harm that Cyrille experienced while in Haiti was perpetrated by private actors, and there is no evidence that public officials were involved. Cyrille asserts that his stepfather hired an attorney, who reported the attack to the Haitian police, and Cyrille thinks that the police investigated the attack, but he does not know if the police have arrested anyone. Inaction, on its own, is insufficient to establish acquiescence. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014). Cyrille has provided generalized evidence of country conditions, but that is insufficient to

establish that the government will acquiesce to any harm that he may experience. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) (holding that generalized evidence of crime was not particularized or sufficient to establish eligibility for CAT protection).

The temporary stay of removal will remain in place until the issuance of the mandate, and the motion to stay removal (Dkt. No. 1) is otherwise denied.

**PETITION DENIED.**