NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 21 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LAZARO JUAREZ ANGELES,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 18-72901

Agency No. A099-418-343

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2026[**]
San Francisco, California

Before: GOULD, BENNETT, and SUNG, Circuit Judges.

Petitioner Lazaro Juarez Angeles, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA") upholding an immigration judge's (IJ's) denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252 and deny the petition.

In 2005, seeking a better life in the United States, Petitioner hired two smugglers for a $3,000 fee to transport him across the U.S.-Mexico border. During the transport, the smugglers mistreated and threatened to harm Petitioner unless he revealed information about his family. Petitioner complied. The smugglers' mistreatment worsened after they contacted Petitioner's brother and he refused to pay the fee. As one of the smugglers and Petitioner attempted to enter the United States, border agents apprehended them. Petitioner later cooperated in the prosecution of the smuggler. Through 2006, Petitioner's mother received calls from unknown people threatening to retaliate against Petitioner for his cooperation. Based on this history, Petitioner believes that his smugglers would hurt or kill him if he returned to Mexico.

We review for substantial evidence denials of asylum, withholding of removal, and CAT relief. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). "In order to reverse the BIA, we must determine 'that the evidence not only *supports* [a contrary] conclusion, but *compels* it—and also compels the further conclusion' that the petitioner meets the requisite standard for obtaining relief." *Id.* (alteration in original) (quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992)).

1. The BIA properly determined that Petitioner failed to establish past persecution on account of a protected ground. *See Zehatye v. Gonzales*, 453 F.3d

2

1182, 1185 (9th Cir. 2006). Substantial evidence supported the BIA's affirmance of the IJ's finding that Petitioner "was hit and mistreated by the smugglers because they became angry when his brother refused to pay their fee, and not on account of a protected ground."

2.      Substantial evidence also supports the BIA's conclusion that Petitioner failed to establish a well-founded fear of future persecution because his fear was not objectively reasonable. *See id.* at 1186. As the BIA concluded, Petitioner's fear "is not objectively reasonable considering the absence of further inquiries or some other indication that anyone in Mexico is presently interested in harming him." Indeed, the record indicates that Petitioner's family members have not received inquiries regarding Petitioner's whereabouts since 2008. The record therefore does not compel the conclusion that Petitioner has a well-founded fear of future persecution.

3.      Substantial evidence likewise supports the BIA's denials of withholding of removal and CAT relief. Because Petitioner "could not establish [his] eligibility for asylum," the BIA "properly concluded that []he was not eligible for withholding of removal, which imposes a heavier burden of proof." *Id.* at 1190 (eligibility for withholding of removal requires a showing of a clear probability of future persecution). Similarly, because Petitioner failed to establish a clear probability of future persecution, Petitioner cannot demonstrate a likelihood of future torture based on the same evidence. *See Tamang v. Holder*, 598 F.3d 1083, 1095 (9th Cir. 2010);

3

*Nuru v. Gonzales*, 404 F.3d 1207, 1224 (9th Cir. 2005) ("[T]orture is more severe than persecution . . . ."). Further, Petitioner's remaining evidence concerning general country conditions fails to show that Petitioner would be singled out for torture in Mexico. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) (per curiam).

4.      Because Petitioner fails to "allege at least a colorable constitutional violation," "we have no jurisdiction" over Petitioner's claims alleging a violation of his due process rights. *See Torres-Aguilar v. I.N.S.*, 246 F.3d 1267, 1271 (9th Cir. 2001).

       **PETITION DENIED.**[1]

---

[1] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied. Dkt. No. 1.