NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 17 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN RAMIREZ JUAN; J.L.R.A., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 18-72150 <br><br> Agency Nos. A202-016-717 <br> A209-163-963 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 12, 2026**
Pasadena, California

Before: WARDLAW, BADE, and H.A. THOMAS, Circuit Judges.

Juan Ramirez Juan (Juan), and his minor son (J.L.R.A.), natives of

Guatemala, petition for review of a decision by the Board of Immigration Appeals

(BIA) dismissing their appeal from an order of an immigration judge (IJ) denying

their application for asylum, withholding of removal, and protection under the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture (CAT).[1] We "review factual findings for substantial evidence and legal questions de novo." *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020). Under the substantial evidence standard, the agency's findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020) (quoting *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003)). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.     Juan challenges the agency's denial of asylum and withholding of removal based on its determination that he failed to establish the requisite nexus between any past or feared future harm and a protected ground.[2] Substantial evidence supports the BIA's determination that Juan's claims were premised on his fear of gang members who tried to recruit him to sell drugs, not his ethnicity or his putative particular social groups, and therefore that Juan failed to demonstrate the requisite nexus between any past or future persecution and a protected ground. *See e.g. Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang

---

[1] Because Juan is the lead petitioner we refer only to him.

[2] Juan also argues that the BIA erred by relying on *Matter of A-B- (A-B I)*, 27 I. & N. Dec 316, 322 (A.G. 2018), because that decision is no longer good law. *A-B- I* was vacated in *Matter of A-B-*, 28 I. & N. Dec. 307 (A.G. 2021). Juan's argument is unavailing because even if the BIA erred by relying on *A-B- I*, any error is harmless because its decision was not based solely on that decision.

members bears no nexus to a protected ground.").

2. Juan's argument that he is entitled to "humanitarian asylum" under 8 C.F.R. § 1208.13(b)(1)(iii)(A) is not properly before us because, as Respondent argues, Juan did not present this argument to the BIA. *See* 8 U.S.C. § 1252(d)(1) (exhaustion of administrative remedies required).

3. Substantial evidence supports the agency's denial of CAT protection. Juan points to evidence of violent crime and gang activity in Guatemala, but he does not identify any record evidence compelling the conclusion that it is more likely than not that he will be tortured by or with the acquiescence of the government if returned to Guatemala. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (evidence of generalized violence and crime in Mexico not particular to the petitioners did not satisfy the petitioners' burden). And, as the agency noted, Juan failed to show that he was unable to safely relocate within Guatemala because his problems with the men who tried to recruit him to sell drugs did not begin until he moved from his hometown to San Pedro, Soloma. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 705 (9th Cir. 2022) (explaining that applicants for CAT relief need not prove that safe relocation is impossible, but they do bear the burden of proof on the issue of relocation).

4. Juan argues that the BIA violated his due process rights by failing to consider evidence about whether he could return to Barillas. *Lata v. INS*, 204 F.3d

3

1241, 1246 (9th Cir. 2000) ("To prevail on a due process challenge to deportation proceedings, [a petitioner] must show error and substantial prejudice."). Even if the agency erred, Juan's due process claim fails because he has not alleged, let alone shown, that the agency's alleged error potentially affected the outcome of his case and, thus, he has not established prejudice. *See Grigoryan v. Barr*, 959 F.3d 1233, 1240 (9th Cir. 2020) ("Substantial prejudice is established when 'the outcome of the proceeding may have been affected by the alleged violation.'" (quoting *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000))).

**PETITION DENIED.**[3]

---

[3] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal, Dkt. 1, is otherwise denied.